### Francis M. Bayless, Adm., etc., of Martha A. Baker, v. The People, etc., for the use of T. J. Dick.

1. SALE OF REAL ESTATE TO PAY DEBTS—*Mortgage Liens to be First Paid.*—An administrator of an estate sold real estate incumbered by mortgage to pay debts; the order of distribution directed him to discharge the mortgage lien first out of the moneys received from the sale.

He paid a portion of said moneys upon the mortgage indebtedness and applied the balance to the costs of administration and to his commissions, all of which he reported to the court, and which being approved, he was discharged. Afterward, in a suit upon his official bond, *it was held* that the order discharging him was inoperative as against the mortgage creditor.

2. EXECUTORS AND ADMINISTRATORS—*Demand Under Sec. 115, Ch. 3, R. S.*—The demand of an executor or administrator provided for in Section 115 of Chapter 3, R. S., entitled "Administration of Estates," is required only in cases where it is proposed to proceed against the executor or administrator by attachment of his person. ·

3. COSTS.—*Not to be Adjudged Against Mortgagee, etc.*—In a proceeding by an executor or administrator to sell real estate incumbered by mortgages as prior liens, and where the mortgagees are made parties merely for the purpose of ascertaining the amount due them, the court will not require the costs of the proceeding to be paid out of the proceeds of the sale before paying the amount of the mortgage indebtedness.

**Memorandum.**—Suit on an administrator's bond. In the Circuit Court of DeWitt County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Declaration in debt; pleas, *non est factum* and *plene administrasit.* Trial by the court without a jury: finding and judgment for plaintiff; appeal by defendants. Heard in this court at the May term, 1894, and affirmed. Opinion filed November 30, 1894.

APPELLANT'S BRIEF, R. A. LEMON, ATTORNEY.

Appellant contended that the order of the County Court approving of t⏤e administrator's final report embracing the items in question in this case, showing nothing due to the plaintiff, constituted an adjudication in respect thereto, and was binding upon the creditors of the estate until reversed or set aside. Short et al. v. Johnson, administrator, 25 Ill. 405; Bucher et al. v. Bucher, 86 Ill. 377; Dickson et al. v. Hitt, 98 Ill. 300; Housh v. The People, etc., 66 Ill. 178; Frank et al. v. The People, etc., 147 Ill. 105.

The County Court in the settlement of estates is not a court of inferior jurisdiction, but has a general jurisdiction, and as liberal intendments will be indulged in its favor as in the case of proceedings in the Circuit Court. Moffit et al. v. Moffit, 69 Ill. 641; Eckley et al. v. Clark et al., 24 Ill. App. 495; Frank et al. v. The People, 147 Ill. 105.

APPELLEE'S BRIEF, WILLIAM MONSON, ATTORNEY.

Appellee contended that the rule laid down by the author-

ities cited by appellant, only applies where all debts of the estate have been paid, or the funds of the estate disbursed in payment of debts, according to their classification and the requirements of the law; and if one of the creditors has been ignored by the administrator and not paid in full his *pro rata* share, such approval and discharge is void as to him. Diversey, Admr., etc., v. Johnson, Admr., 93 Ill. 547; Blanchard v. Williamson, 70 Ill. 647.

The proceeds of the sale of this real estate to the extent of the mortgage indebtedness never became assets in the hands of the administrator for payment of the debts of the estate; and until it was fully paid he had no money belonging to the estate to pay on other claims or expenses of administration. It was the money of appellee, and it having come into his hands under the law and the decree of the County Court, as administrator, he is liable on his official bond for a misapplication of the funds. Furness et al., Adm., v. Union National Bank, 147 Ill. 570.

Mr. Justice Pleasants delivered the opinion of the Court.

Appellant, having exhausted the personal estate of deceased in payment of debts, petitioned the County Court for leave to sell two town lots to pay the deficiency, shown to be $243.32. T. J. Dick and John M. Jones, holding a mortgage upon said lots for $150, with interest, were made parties and answered, setting up their mortgage and claim. Upon a hearing the court made a decree granting the leave asked, finding the mortgage a prior lien and the amount due thereon to be $178, and ordering appellant, as administrator, to pay out of the proceeds of the sale, first, the said mortgage indebtedness with interest thereon at six per cent from that date, then certain taxes on the lots, and bring the residue into court, to be distributed as thereafter to be ordered. It directed that the lots be sold disincumbered of the mortgage and the title vested in the purchaser, and that the administrator report his proceedings in the premises. He sold the lots for $255, all of which he received, and so reported. Afterward on April 6, 1892, he made his final report, showing that he had paid Dick, who in the

meantime, had acquired the interest of Jones in the mortgage, the sum of $100, and applied the residue of the proceeds to the payment of costs of the administration, including the sale of the lots, and his commissions, leaving no balance in his hands, on which the court entered an order approving the report and discharging the administrator.

This was an action of debt on his official bond, on which Dick, for whose use it was brought, was the sole surety, and the breach of its condition assigned was his failure to pay out of the proceeds of the sale of the mortgaged premises the residue of the mortgage debt, in obedience to the explicit order of the court. Defendant pleaded *non est factum* and a special plea setting up the proceedings in the County Court, closing with the order for his discharge. A demurrer to the latter was sustained, and defendant abiding, the parties by consent went to trial before the court without a jury under the general issue; on which the finding was for plaintiff and judgment rendered thereon in debt for the penalty of the bond to be discharged on payment of $90, the damages assessed, and costs.

It is insisted that the special plea presented a good defense; that the order " approving the final report, embracing the items in question in this case, showing nothing due to the plaintiff, was an adjudication in respect thereto and binding upon the creditors of the estate until reversed or set aside."

The item here in question is the balance of the mortgage debt remaining after the payment of $100. It was not embraced in the final report, which does not show nothing due to the mortgage creditor, but does show, in connection with the petition for former order authorizing the sale, and his report of the sale; that although he had in his hands as administrator, of the proceeds of such sale, moneys more than sufficient to pay it as he was ordered, this balance remained unpaid. The order discharging him was therefore inoperative as against such creditor. Blanchard v. Williamson, 70 Ill. 647; Diversey, Admx., v. Johnson, Admx., 93 Id. 547.

The claim, on the evidence, that the mortgage creditor and the administrator were represented on the final settlement by the same counsel, we think is not sustained.

It is said this action could not be maintained until an order was procured from the County Court directing the payment to be made, and demand therefor thirty days before its institution, referring to Starr & Curt. Statutes, p. 224, Sec. 115. We are of opinion, notwithstanding the unnecessary remark in Frank v. The People, etc., 147 Ill. 105, that this demand is required only with a view to proceeding against the administrator by attachment of his person. The statute declares that the failure to pay over as ordered shall be deemed and taken to amount to a *devastavit*, for which " an action on the bond may be forthwith instituted, and it may be brought and maintained against the sureties, though the administrator may not be found. There may be, for divers reasons, no possibility of making a demand of him, but the remedy by this action would not therefore be defeated." In the case cited the question was when the cause of action on the bond accrued, and it was held to be when the order to pay was made. The court in another place said : " The right of action upon the bond accrued, under the statute, upon failure of the administrator to pay the money to the distributees in accordance with the order and judgment of that court;" and the judgment was affirmed, though it does not appear that any demand was made.

It is urged for equitable consideration that the proceeds of this sale were applied to no other claims than that of the mortgage creditor except costs; that this proceeding included substantially a foreclosure of the mortgage; that the creditor could not expect to have his mortgage foreclosed without having the costs paid out of the proceeds of the sale of the mortgaged premises, and that the court has the power to dispose of the question of costs according to equity, and having approved of their payment as made in this case, it is as if it had so ordered in advance; in which case the payment could not be deemed a *devastavit*. And reference is made to what is said to be the practice upon the filing by masters of their report of payments under orders of distribution. This would have more force as against legatees, devisees or distributees, if there were any such or any sur-

plus in this case, than as against creditors. It was not in fact a proceeding by the mortgage holder to foreclose it. He did not come into the court of his own motion for any purpose. He was brought in to show his claim, which was found to be a specific and first lien upon the premises the administrator sought leave to sell. There was no dispute about its amount or character. The property was more than sufficient to pay it. The order of the court was to pay it in full, with interest, without diminution or deduction, and pay on other accounts only the surplus remaining thereafter. The other claims, which the administrator, in disregard of that order, diminished it to pay, were not confined to the costs of the proceedings for the sale, but included taxes, which were not to be paid until the mortgage debt was paid in full, court costs, aside from those incurred in connection with the sale, attorney's fees, and his own commissions and expenses—commissions presumably on the diminished amount he paid the mortgage creditor. His payment of them out of moneys in his hands of right and by adjudication belonging to the creditor, and consequent failure to pay him, in disobedience of the express order of the court, was a wrong done by him to such creditor, which the court could not legally or equitably make right by a subsequent order, merely approving his report of it. The better practice in chancery, upon the coming in of masters' reports of distribution, is to approve only conditionally, by an order *nisi*, except where the parties interested, by their solicitors then present, consent to have it made absolute.

The judgment of the Circuit Court, appearing to be legal and just, will be affirmed.