DAVID B. ACKLEY, Respondent, *v.* GEORGE H. WELCH and Another, Appellants, Impleaded with Another.

*Objections to the admission and rejection of evidence — proof of the mailing of a letter — when presumptive evidence of its receipt — insufficient objection to its admission in evidence.*

To entitle a party to the review of a ruling of the trial court, on the question of the admitting or rejecting of evidence, there must be a proper objection taken to the evidence when offered and an exception taken to the ruling thereon. The overruling of a general objection to evidence will be sustained on appeal unless it clearly appears that there is some ground of objection which could not have been obviated if it had been specified, or unless the evidence in any aspect of the case was incompetent.

Proof given upon the trial of an action that letters were mailed to one of the parties, postpaid, raises a presumption that they were received by him, and until rebutted by proof is sufficient evidence of that fact.

Upon the trial of an action copies of certain letters were offered in evidence. They were objected to as incompetent, immaterial, irrelevant and not properly proved. The copies of the letters were received in evidence and the party objecting excepted. No notice had been given to the party objecting to the admission in evidence of the copies of such letters, against whom judgment was rendered, to produce the original letters in his possession.

*Held,* that the objection taken to the admission in evidence of the copies of such letters was insufficient to secure the reversal of the judgment on appeal on the ground that the copies of the letters received were not the best evidence.

APPEAL by the defendants, George H. Welch and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Herkimer on the 14th day of June, 1894, upon the report of a referee.

*John F. Dorthy,* for the appellants.

*F. L. Brown,* for the respondent.

MARTIN, J.:

The referee found that the contracts set forth in the complaint herein were duly made and executed by the parties to this action; that the provisions of all of said contracts were complied with and fulfilled on the part of the plaintiff, but that the defendants failed to fulfill them upon their part, and that by reason thereof the plaintiff sustained damage in the sum of $459.92.

After a careful examination of the testimony given upon the trial, we are satisfied that the conclusions reached by the referee were sustained by the evidence, and that the judgment herein should not be disturbed unless some error has been committed in the reception or rejection of evidence.

On the trial the plaintiff, while being examined as a witness, was shown a letter written by him to the defendant Ritter, January 31, 1893. He testified that it was his signature to the letter; that he mailed a duplicate of it to the defendant Ritter at 84 West Broadway, New York city; that there was a card upon the envelope in which it was inclosed, and that he did not receive it back, and that both the duplicate sent and the one retained were signed by him. The letter was offered in evidence by the plaintiff. The defendants objected to it on the grounds that it was not properly proved and was incompetent; also, as "incompetent and immaterial and not properly made for its reception." The letter was received in evidence, and the defendants excepted.

The plaintiff also testified that "there were two of these letters. The other one (dated February 6, 1893) I signed and addressed and mailed to W. G. Ritter, New York. On the envelope was George H. Welch & Co., D. B. Ackley, manager, 75 Arcade, Utica, N. Y. I wrote on myself, 'If not called for return after five days.' The address was 75 Arcade Building, and if not called for it was to be returned to that address. It was never returned."

Again, the letter was shown the witness, and he testified: "I dictated this letter. That is not the letter that was sent and afterwards came into my possession; that is, a carbon copy was made, and, I think, was sent; that is, the original, the copy was sent, or the duplicate of it. It was sent by mail, postage prepaid, and addressed to W. G. Ritter, 84 Broadway, New York city, who claimed that to be his post office address." After this proof was given, the letter was offered in evidence and objected to as incompetent, immaterial, irrelevant and not properly proved. The case then states: "This letter was offered December 19, 1893, and is now marked 'Ex. 11,' as it was received at that time, but not marked." When first offered it was objected to upon the same ground as the preceding one and received, to which the defendants excepted.

The most serious question presented upon this appeal is as to the

correctness of these rulings. It may be observed in passing that the letters sent and those retained were signed by the plaintiff, and, perhaps, might be regarded as duplicate originals, and thus the rule preventing the introduction of a copy without first giving the defendant notice to produce the original may not have been violated in receiving them in evidence. (*Totten* v. *Bucy,* 57 Md. 446.) But, be that as it may, it will be observed that the defendants at no time objected to the admission of these letters upon the ground that they were copies or not the best evidence. The only objections raised to either were that it was incompetent, immaterial, irrelevant and not properly proved. We think none of these objections were well taken. Proof that these letters were mailed to the defendant, postpaid, raised a presumption that they were received by him, and, until repelled by proof, was sufficient evidence of that fact. (*Bell* v. *The Lycoming Fire Ins. Co.,* 19 Hun, 238; *People ex rel. Swinburne* v. *Albany Medical College,* 26 id. 348; affd., 89 N. Y. 635; *Austin* v. *Holland,* 69 id. 571; 2 Whart. on Ev. § 1323.) The letters were clearly relevant, material, competent and properly proved. The only valid objection that could have been made to their reception, even if they were copies, was that they were not the best evidence. Having omitted to raise that objection upon the trial, we do not think it can be raised for the first time upon appeal.

To entitle a party to the review of a ruling of a trial court upon the question of admitting or rejecting evidence, there must be a proper objection taken to the evidence when offered and an exception taken to the ruling thereon. Overruling a general objection to evidence will be sustained on appeal, unless it clearly appears that there is some ground of objection which could not have been obviated if it had been specified, or unless the evidence in any aspect of the case was incompetent. (*Daly* v. *Byrne,* 77 N. Y. 182; *Williams* v. *Sargeant,* 46 id. 481; *Tooley* v. *Bacon,* 70 id. 34; *Quinby* v. *Strauss,* 90 id. 664.) In *Stevens* v. *Brennan* (79 id. 254) it was held that a general objection to a question could only be considered as applying to the competency or materiality of the point sought to be proved and not to the competency of the witness to testify upon the subject. The objections taken by the appellants to the admission of these letters related to the materiality, relevancy and competency of the evidence itself and not to the manner of proving

them. If the proper objection had been interposed, presumably the plaintiff would have obviated it by giving notice to the defendants to produce these letters. Hence, we think that the defendants' exceptions to these rulings were not well taken.

We have examined the various other exceptions taken by the appellants, but have found none that require special discussion or that would justify a reversal.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.