## 252 BELLER v. ANTISDEL.

Judgment affirmed, with costs.

---

CHARLES A. G. BELLER, Respondent, v. SARAH JANE ANTISDEL and Another, Defendants; PETER G. FRITCHER, Appellant.

*Action of partition, to which a mortgagee is made a party defendant — mortgage to be paid from the proceeds of sale before the costs of the action.*

When, in an action of partition, a mortgagee is brought in as a party defendant, and it is proposed to pay such mortgage from the proceeds of the sale of the property on which the mortgage is a lien, the costs of the partition action should not be deducted from the proceeds of the sale before applying the same in extinguishment of the mortgage, unless the mortgagee has unnecessarily increased the costs and expenses of the litigation.

APPEAL by the defendant Peter G. Fritcher from a judgment in partition of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schoharie on the 29th day of April, 1893, upon the decision of the court rendered at the Schoharie Special Term directing the sale of certain premises and confirming the report of a referee, with notice of an intention to bring up for review upon such appeal so much of said judgment as disallows the appellant's exceptions, as confirms the referee's report as to the appellant, and as allows costs against him, and the portion thereof fixing the amount found due on the appellant's mortgage and the rate of interest allowed thereon.

*A. B. Coons*, for the appellant.

*I. W. Winnie* and *G. M. Palmer*, for the respondent.

PER CURIAM:

We think, as a general rule, to which of course there may be exceptions, that when in an action of partition a mortgagee is brought in as a party defendant, and it is proposed to pay such mortgage from the proceeds of the sale of the property upon which his mortgage is a lien, the costs of such partition should not be deducted from the proceeds of the sale before applying the same in extinguishment of the mortgage.

Unless the mortgagee has unnecessarily increased the costs and expenses of litigation, there is no reason why he should be compelled to pay any portion of the costs of the action in partition, which he might be compelled to do if the costs of such action were to be deducted from the proceeds of the sale first, and the remainder applied to the satisfaction of his mortgage.

There is some difficulty, however, in applying that rule in this case; it is contended that the mortgage is a lien upon some ten acres of land in addition to that sought to be partitioned; this does not clearly appear from the case, and the appellant has excepted to those findings of the referee from which it might be inferred that there is more property covered by the appellant's mortgage than that sought to be partitioned, but in the appellant's brief it is practically admitted that such mortgage does cover land in addition to that sought to be partitioned, and to which appellant could resort to

make up any deficiency which might arise from applying the proceeds of that portion of the land involved, covered by the mortgage, to the payment of his mortgage, after deducting a *pro rata* share of the costs in this action from such proceeds.

The relative value of the different parcels of land covered by the appellant's mortgage nowhere appears in the case, and does not seem to have been found or considered by the referee or by the Special Term, so that we find ourselves somewhat embarrassed as to the proper disposition of the matter; but it seems to us that the judgment entered should be so modified as to provide that the proceeds of the sale of that part of the premises described in the complaint which are covered by the mortgage of the appellant be first applied in satisfaction of said mortgage, before any part thereof shall be applied in payment of the costs of this action; or, if the respondent so elect, the decree may be so modified as to provide for the sale of such premises, subject to the lien of the appellant's mortgage.

As so modified the order appealed from is affirmed, with ten dollars costs and disbursements of this appeal, to be paid from the proceeds of the sale of the premises described in the complaint.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Order modified and as so modified affirmed, with costs and disbursements.

