## LEWIS v. PEASE.

(Supreme Court, Appellate Division, Fourth Department. October 15, 1897.)

PARTITION—COSTS.

  Under Code Civ. Proc. § 1539, declaring that, when one having a lien which attaches to the entire premises sought to be partitioned is made a defendant, his entire interest, or the proceeds thereof, may be awarded him on final judgment, it was error to deduct the costs of the suit from the pro-

ceeds of the sale before applying them to extinguish the mortgage of such a defendant, on the ground that the costs were unnecessarily increased by him, where the complaint stated that the amount of the mortgage was unknown, and defendant, after interposing an answer setting up the amount claimed by him, was compelled to establish such claim in court.

Action by William J. Lewis against Jay A. Pease and others for partition. Defendant Jay A. Pease appeals from that part of the final judgment entered in this action which adjudges and decrees "that out of the proceeds of the said sale he [the referee] pay to E. O. Worden, attorney for the plaintiff herein, the plaintiff's costs and disbursements as taxed by the clerk of Lewis county, and adjusted at the sum of $111.83; that he next pay to William H. Hilts, Esq., attorney, or to M. H. Powers, Esq., counsel for the defendant Smith M. Lewis, the sum of $22.38, for his costs and expenses herein." Modified.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Jay A. Pease, in pro. per.
E. O. Worden, for respondent.

ADAMS, J. This action is for the partition of premises upon which the appellant held a mortgage of $200 executed by the plaintiff's ancestor. The plaintiff in his complaint alleges that the defendant Pease is the owner and holder of this mortgage, and that the whole principal sum is due and unpaid, "together with some interest, the amount of which plaintiff is unable to state." The answer of the defendant contained the usual formal statements respecting the execution of his mortgage, and then averred that there was due thereon the sum of $255, with interest upon that sum from December 12, 1895. The issue thus presented was tried by the court, and the amount claimed by the defendant to be due upon his mortgage was duly established. The premises were thereafter sold for $400, and the final decree contained the provisions hereinbefore stated, which, if enforced, will deprive the appellant of the full amount found to be due upon his bond and mortgage. Section 1539 of the Code of Civil Procedure provides that the plaintiff in an action for partition may, at his election, make a person having a lien which attaches to the entire property a defendant in the action, and also provides that, if such person is made a party, his or her entire right and interest, or the proceeds thereof, may be awarded to him by the final judgment. And in the case of Beller v. Antisdel, 84 Hun, 252, 32 N. Y. Supp. 575, it was held that in an action of partition, where a mortgagee is brought in as a party defendant, and it is proposed to pay such mortgage from the proceeds of the sale of the property on which the mortgage is a lien, the costs of the partition action should not be deducted from the proceeds of the sale before applying the same in extinguishment of the mortgage, unless the mortgagee has unnecessarily increased the costs and expenses of the litigation. In this case it was adjudged that the plaintiff's costs and disbursements were unnecessarily increased by reason of the answer interposed by the defendant, Pease, and the final decree stated that it was for this

reason that the provisions respecting the payment of the costs of the action out of the proceeds of the sale were inserted therein.   We are unable, upon the undisputed facts of this case, to sustain this adjudication.   It is true, as has been stated, that the plaintiff in his complaint had admitted the existence and validity of the defendant's mortgage; but this admission was coupled with the statement that the amount due thereon was unknown, and therefore it became important, if not absolutely necessary, to ascertain the actual amount to which the defendant was entitled, before the interlocutory judgment of sale was entered.   To accomplish this it was certainly proper for the defendant Pease to appear and assert his claim.   When he served his answer containing a statement of the amount he claimed was due upon his mortgage, the plaintiff might have avoided further delay and expense by allowing the same.   Instead of doing this, however, he compelled the defendant to establish his claim in court, and it would seem to follow that, if any unnecessary costs have been made, the plaintiff is quite as much responsible therefor as is the defendant; and in these circumstances we think it would be inequitable to award the plaintiff a full bill of costs, and direct their payment out of the proceeds of the sale, before the defendant's mortgage had been extinguished.   These views lead to the conclusion that that portion of the judgment appealed from should be so far modified as to provide for the payment of the defendant's mortgage.

Judgment so far modified as to provide that out of the proceeds of the sale, after deducting the necessary expenses of such sale, and the allowance to the guardian ad litem for the infant defendants, the referee pay to the defendant Pease the amount due upon his bond and mortgage, with interest thereon to the date of payment, and that out of the sum remaining in his hands after making such payments he pay the costs of the attorney for the plaintiff, and also the costs of the attorney for the defendant Smith M. Lewis, the amounts to which they are respectively entitled, and, if such proceeds are insufficient to pay such amounts in full, that he then pay the same pro rata, and that the defendant Pease have judgment for the costs and disbursements of this appeal against the plaintiff.   All concur.