## DEPARTMENT OF HEALTH OF CITY OF NEW YORK v. OWEN.

### (Supreme Court, Appellate Term. November 30, 1903.)

1. MUNICIPAL CORPORATIONS—HEALTH DEPARTMENT—RECORDS OF BIRTHS—FAILURE TO REPORT—ACTIONS FOR PENALTY—EVIDENCE.

In an action by the department of health against a physician for failure to report a birth, as required by New York City Charter, § 1237 (Laws 1901, p. 522, c. 466), where the physician testified that he had mailed the report, inclosed in a properly addressed, postage-paid envelope, to plaintiff, testimony by the assistant register of record in the health department, who had charge of the records of birth, that he made a search of the records for the certificate in question, and that there was no such certificate there, did not constitute evidence that the report was not received there.

2. SAME—NOTICE REQUIRED—MANNER OF SERVICE—MAILING.

New York City Charter, §§ 1237, 1239 (Laws 1901, pp. 522, 523, c. 466) imposing on physicians the duty of reporting within 10 days, to the department of health, births in which they have professionally assisted, and declaring the person failing to make such report guilty of a misdemeanor, besides rendering him liable to a fine of $100, to be recovered in the name of the department of health, does not require notice to be personally brought to the office of the health department, but the statute is sufficiently complied with by mailing such notice.

3. STATUTES—PENAL SECTIONS—CONSTRUCTION.

New York City Charter, § 1239 (Laws 1901, p. 523, c. 466), declaring certain persons, failing to make and keep a register of marriages and

births, and omitting to report a written copy of the same to the department of health within 10 days after any birth or marriage, guilty of a misdemeanor, and also liable to a fine of $100, is penal in its nature, and its terms should not be enlarged by judicial construction, while the legislative intent expressed therein can be effectively accomplished without interference by the court.

Appeal from Municipal Court, Borough of Manhattan.

Action by the department of health of the city of New York against William H. Owen. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

George L. Rives, Corp. Counsel (Frederick W. Stelle, of counsel), for plaintiff.

Thomas W. McKnight, for defendant.

BLANCHARD, J. This is an appeal by the plaintiff from a judgment of a municipal court of the city of New York in favor of defendant. The action is to recover $100 penalty from defendant, a physician, for failure to report to plaintiff facts relating to the birth of a child, as required by the charter of the city of New York, as follows:

Section 1179, p. 504, c. 466, Laws 1901, provides:

"The chief officer of the record bureau shall be called the registrar of records, and in such bureau shall be recorded, without fees, every birth, marriage, and death, and all inquisitions of coroners which shall occur or be taken within the city of New York."

Section 1237, p. 522, of the charter, provides as follows:

"It shall be the duty of the parents of any child born in said city (and if there be no parent alive that has made such report, then of the next of kin of such child born), and of every person present at such birth within ten days after such birth to report to the department of health in writing so far as known the date, borough and street number of said birth, and the sex and color of such child born, and the names of the parents. It shall also be the duty of physicians and professional midwives to keep a registry of the several births in which they have assisted professionally, which shall contain as near as the same can be ascertained the time of such birth, the name, sex and color of the child, the names and residence of the parents, and to report the same within ten days to the department of health."

Section 1239, p. 523, of the charter, provides as follows:

"For every omission of any person to make and keep a register of marriages and births required by the preceding sections, and for every omission to report a written copy of the same to said department of health within ten days after any birth or marriage provided to be registered, and for every omission to make the report of any death, birth or marriage, the person guilty of such omission shall be guilty of misdemeanor and, in addition thereto, the offender shall also be liable to pay a fine of one hundred dollars, to be recovered in the name of the department of health of the city of New York, before any justice or tribunal in said city having jurisdiction of civil action."

In the testimony the report of the physician's record required by the statute is variously referred to as "certificate" and "notification" by a physician of a birth. For the purposes of discussion here it may be assumed that these terms were intended to refer to the "report" mentioned in the statute.

The defendant testified that he made a written copy of the register of the birth in question, and mailed it, inclosed in a properly addressed, postage-paid envelope, to the plaintiff within 10 days after birth. The only testimony on behalf of plaintiff to indicate that this report was not received was given by the assistant register of record in the health department, who testified, in substance, that he had personal charge and control of the records of births; that they were received by him personally; that he made a search of the records of the department for a certificate of the birth in question; that there was no such certificate there; and that the usual custom prevailing in the department as to notification by a physician of a birth was that such notice, as a general rule, was mailed and sent through the post office. From this evidence the conclusion follows that the physician's report, having been duly mailed, was received by the plaintiff, as the testimony of the plaintiff on this point does not go so far as to amount to a denial that it was received. The fact that it may not have been among the records of the department at the time search for it was made is not evidence that it was not received there by mail in due course. It may have been received, and afterwards lost or mislaid. Oregon Steamship Co. v. Otis, 100 N. Y. 446, 3 N. E. 485, 53 Am. Rep. 221; Ackley v. Welch, 85 Hun, 178, 32 N. Y. Supp. 577.

But the appellant contends that even if this report was mailed by the defendant, still the statute was violated; claiming that the report should have been brought personally to the office of the health department and left there. This construction of the terms of the statute cannot be sustained. The case of Beakes v. Da Cunha, 126 N. Y. 293, 27 N. E. 251, does not support the plaintiff's contention. This case held:

"Where the statute or the terms of any contract require notice to be given, and there is nothing in the context of the statute, or the contract, or any of the circumstances of the case, to show that any other notice was intended, personal notice must always be given."

The same rule as to personal notice is announced in many other cases, and their authority cannot be questioned; and the personal notice required by those authorities relates to the notice that must be given to the party in the terms of the contract, or the statute, or in legal proceedings, before the party entitled to notice can be put in such default that an actionable claim may be made against him, a charge imposed upon his property, or some vested legal right impaired. The reason for the rule in such case is that the most infallible mode of giving notice, and one most certain for the purpose, shall be employed, so that the party entitled to notice shall have at the time an opportunity to protect himself in rights of person or property. The statute under consideration here does not require the physician to report a copy of his register as "notice" to the health department, in order for it to protect itself against an invasion of any of its rights. The report is required in order that a public record may be made from it, and there appears to be no good reason why the information required by the statute cannot be imparted to the health department as certainly by mail as by requiring physicians to attend personally at the department for the purpose of handing in these re-

ports.  A vast amount of important public business is transacted through the mails, and it is a matter of common knowledge that only an insignificant amount of properly directed mail matter fails of delivery.  There seems to be no public necessity calling for the construction of the statute in the manner urged by the appellant.  If it were so construed, there would, in all probability, be more failures of physicians to make their reports in person at the department than there are now when they may adopt the more convenient method of mailing those reports, following the usual custom which plaintiff testified is now in operation in the department.  The section of this statute which is the basis of this action is penal in its nature, and its terms should not be enlarged by judicial construction, while the legislative intent as expressed in the statute can be affectively accomplished without the interference of the court.

The judgment appealed from should be affirmed, with costs.

FREEDMAN, P. J., concurs.

BISCHOFF, J. (concurring).  From the testimony of the defendant it appeared that his report was mailed by him, postage prepaid, and addressed to the plaintiff, and concededly this was the practice in such cases adopted or acquiesced in by the plaintiff.  The statute prescribed no particular method of making the report, and it was therefore competent to the plaintiff, though perhaps not to the exclusion of any other, to appoint one, and thus to indicate to the persons affected how and in what manner it would receive such reports. This it tacitly did by sanctioning the practice of mailing, with which the defendant was found to have complied.  Hence no right of recovery against him was apparent.  Edwards v. Mississippi Valley Ins. Co., 1 Mo. App. 192.

The judgment should be affirmed, with costs.