(53 Misc. Rep. 421)

GOEBBLES v. MORRISEY et al.

(Supreme Court, Special Term, Westchester County.   March 15, 1907.)

PARTITION—SALE—DISPOSITION OF PROCEEDS—COSTS—PREVAILING PARTY.

In partition proceedings, where the validity of a mortgage is attacked, but the issue is decided in favor of the mortgagee, he is entitled to the proceeds of the partition sale after the payment of the necessary expenses of the sale and the taxes constituting a lien upon the property, before the deduction of costs of the suit.

Action by Lizzie Goebbles against James F. Morrisey and others. Heard on application for confirmation of referee's report of sale in partition, and for final judgment. Final judgment ordered for defendant.

Fred L. Merrit, for plaintiff.
R. McKinley Power, for defendant Robert Morrisey.
Charles G. Banks, for other defendants.

TOMPKINS. J.   This is an application for confirmation of the referee's report of sale in the partition, and for final judgment.

The complaint alleged that the defendant James F. Morrisey was the owner and holder of a mortgage upon the premises described in the complaint for the sum of $150, made on the 19th day of May, 1875, and further alleged that more than 20 years had elapsed since said mortgage became due, and that no action had been brought to foreclose the same, and that the said mortgage was not a lien upon the said premises.   The defendant Morrisey by answer admitted that he was the owner and holder of the mortgage, and alleged that the sum of $65 had been paid on the 18th day of March, 1887, on account of the interest, and asked that the mortgage be declared a valid lien to the amount of $150 principal, with interest thereon at the rate of 6 per cent. per annum, from the 19th day of May, 1879, less the $65, and for the further sum of $90.94, paid by the said James F. Morrisey, and for taxes on said premises to protect the said mortgage.   On the trial of the issue as to the validity of the mortgage, the defendant James F. Morrisey succeeded in establishing its validity, and the referee found that there was due on the said mortgage the sum of $150, with interest from the 19th day of May, 1879, less the sum of $65, paid by him on account thereof, and that there was also due on said mortgage the sum of $41.94, paid for taxes, with interest thereon, and the interlocutory judgment entered upon the said referee's report decreed that the said mortgage was valid, and that the amounts above stated were due thereon.   The premises sold for $400, which was less than the amount due the defendant James F. Morrisey on the said mortgage for principal, interest, and taxes paid by him, and additional taxes which were liens upon the property at the time of the sale.

On this motion the question is whether the mortgagee is entitled to payment of the amount due on his mortgage, before the payment of the costs and disbursements of the action.   The plaintiff chose to make the mortgagee a party defendant, and alleged the invalidity of the mortgage, thus making it necessary for the mortgagee to defend

and assert the validity of his claim. The mortgagee having succeeded at the trial, and his mortgage having been declared to be a first lien upon the property, there is no reason in law or equity why he should suffer a loss by having the costs of the unsuccessful plaintiff and the other defendants, whose interests were identical with the defendant Morrisey's interests, paid out of the proceeds of the sale.

In the case of Beller v. Antisdel, 84 Hun, 252, 32 N. Y. Supp. 575, it was held in an action of partition where a mortgagee is brought in as a party defendant, and it is proposed to pay such mortgage from the proceeds of the sale of the property upon which the mortgage is a lien, the costs of the partition action should not be deducted from the proceeds of the sale before applying the same in extinguishment of the mortgage, unless the mortgagee has unnecessarily increased the costs and expenses of the litigation. In the Beller Case the plaintiff did not attack the validity of the mortgage, while in this case the mortgage was attacked, and the plaintiff brought the action for a partition or sale of the premises upon the assumption that the mortgage was invalid. And, inasmuch as the plaintiff failed in that contention, the claim of the mortgagee that the amount due him should be first paid out of the proceeds before the deduction of any costs is stronger and more meritorious than was the claim of the mortgagee in the Beller Case, and it would be inequitable to compel the mortgagee to bear any part of the costs of this action, especially the costs and disbursements incurred by the plaintiff and the defendant Robert Morrisey in their effort to defeat the mortgagee's claim.

The final judgment should provide that the necessary expenses of the sale and the taxes which were a lien upon the property at the time of the sale be first paid, and that the balance in the hands of the referee be paid to the defendant James F. Morrisey on account of the amount due him on said mortgage.