Frederick Z. Marx, Defendant in Error, v. Walter Z. Marx et al., Plaintiffs in Error.

Gen. No. 24,697.

1. PARTITION, § 112*—*among what parties costs apportioned.* Section 40 of the Partition Act (J. & A. ¶ 8353) authorizing the apportionment of costs "among the parties in interest in the suit," refers to the parties in interest referred to in sections 5 and 6 (¶¶ 8318, 8319), which ·sections include as necessary parties to the petition only such persons as have a common interest in the property sought to be partitioned.

2. PARTITION, § 35*—*mortgagees as not necessary parties to sue.* Mortgagees are not necessary parties to a partition suit within the meaning of sections 5 and 6 of the Partition Act (J. & A. ¶¶ 8318, 8319).

3. PARTITION, § 35*—*what does not make mortgagees necessary parties to suit.* In partition proceedings, if it is found necessary to sell the land, the court may ascertain the amount due on the mortgage debt and order it paid out of the proceeds of the sale, but such fact does not make the mortgagees necessary parties to the partition suit as they must be to authorize charging them under section 40 of the Partition Act (J. & A. ¶ 8353) with any portion of the complainant's solicitors' fees.

4. PARTITION, § 112*—*how statute authorizing apportionment of costs must be construed.* Section 40 of the Partition Act (J. & A. ¶ 8353), authorizing the apportionment of costs among the parties in interest in the suit, is penal in character and must be strictly construed.

5. PARTITION, § 112*—*when deduction of costs from proceeds of sale is improper.* Where a decree in partition proceedings gave priority to mortgage liens, but the costs were deducted from the proceeds of the sale, the effect was to make the mortgagee pay all such costs, and the costs being chargeable to parties in interest, such costs could not be taken out of the fund to which the mortgagee had by the decree a superior lien.

*See Illinois Notes Digest, Vols, XI to XV, and Cumulative Quarterly, same topic and section number,

6. PARTITION, § 112*—*when it is error to require mortgagee to pay costs.* Section 40 of the Partition Act (J. & A. ¶ 8353) requires costs to be apportioned "so that each party shall pay his or her equitable portion thereof," but it is not equitable and it is error to require a mortgagee to pay costs to settle a dispute between other parties in which it has no interest, or to pay costs which were advanced by the petitioner solely for his own benefit or that of his tenants in common.

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Reversed and remanded with directions. Opinion filed January 30, 1920. Rehearing denied February 10, 1920.

CHYTRAUS, HEALY & FROST, JOHN PETER BARNES and ROY MASSENA, for plaintiffs in error State Bank of Chicago, Oscar H. Haugan and Henry A. Haugan.

THOMAS H. STEVENSON, OTTO C. BUTZ and FREDERIC E. VON AMMON, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

This was a partition proceeding. The costs thereof, including complainant's solicitors' fees, were by the decree of distribution deducted from the proceeds of sale of the premises. The sole question presented is whether such deduction was proper.

One Amelia Marx was the owner of the premises at the time of her death, and her sons and only heirs, Frederick, the petitioner, and Walter and Zero, two of the defendants, became seized thereof as tenants in common. Prior to her death she and her husband had conveyed said property by two trust deeds to secure certain notes owned by the State Bank of Chicago. Said bank and the trustee and successors in trust, the same in each deed, were made parties defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

At the instance of petitioner, in order to avoid costs and expenses attendant upon two court proceedings, the bank refrained from instituting foreclosure proceedings, which it had directed to be begun.

The decree of partition found that said trust deeds were valid liens, superior to the rights, claims and demands of all other parties to the cause. The property not being susceptible of division was sold pursuant to decree and bid in by said bank for $12,500. The amount due at the time of the sale on the indebtedness to the bank was $12,728.73. From the sum so bid, the master in his distribution first deducted all fees and costs, including costs advanced by complainant and his solicitors' fees, a total of $1,051.77, and from the balance of $11,448.23, satisfied the first mortgage in full, and the second mortgage in part.

The decree of distribution was in accordance with the master's report which was excepted to, and it must be reversed for several reasons:

1. Section 40 of the Partition Act (J. & A. ¶ 8353) authorizes apportionment of costs "among the parties in interest in the suit." This unquestionably refers to the parties in interest referred to in sections 5 and 6 (J. & A. ¶¶ 8318, 8319). Construing said sections the Supreme Court has held that they include as necessary parties to the petition "only such persons as have a common interest in the property sought to be partitioned." (*Miller v. Miller*, 263 Ill. 18, 22; *Clark v. Zaleski*, 268 Ill. 427.) Mortgagees are not such parties. As said in *Spencer v. Wiley*, 149 Ill. 56, 59, "the proceeding is for the purpose of severing interests in common," and while the power of the court to ascertain and declare the right, title and interest of the mortgagee is in no sense, as there said, a power to enforce the collection of his debt, if it is found necessary to sell the land, the court may ascertain the amount due on the mortgage debt and order it paid out of the proceeds of the sale. That was done here, evidently in

accordance with the desire of defendants in error as indicated by their answer. But that disposition of the liens did not change the relation of plaintiffs in error and make them necessary parties to the suit, as, in our opinion, they must be to authorize charging them under section 40 with any portion of complainant's solicitors' fees. Such statute is penal in character and must be strictly construed. (*Gehrke v. Gehrke,* 190 Ill. 166.) While the *Wiley* case, *supra,* unnecessarily referred to the mortgagee as a necessary party, it is clear that under the *Miller* and *Clark* cases, *supra,* he cannot be so regarded.

2. But there was in fact no apportionment. Contrary to the import of the decree giving priority to the liens, the entire costs were deducted from the proceeds of the sale, thus depriving said bank *pro tanto* of its recognized prior lien thereon. The effect of the order confirming the master's report was not to apportion the costs but to make the bank pay all of them. If the proceeds of sale had been sufficient to leave a balance after satisfying the liens then there would have been a fund coming to the interested parties as tenants in common out of which the costs could have been apportioned among them, provided the suit could properly be deemed an amicable one between them. But the costs being properly chargeable to them or some of them as the parties in interest they certainly could not be taken out of the fund to which plaintiffs in error had by the decree itself a superior claim. In *Beller v. Antisdel,* 84 Hun 252, 32 N. Y. Supp. 577, followed in *Goebbles v. Morrisey,* 53 N. Y. Misc. 421, 103 N. Y. Supp. 386, the court said that it was a general rule that when in an action of partition a mortgagee is brought in as a party defendant the costs of partition should not be deducted from the proceeds of the sale before applying the same in extinguishment of the mortgage. Analogous in principle were the rulings as

to costs in *Kingsbury v. Buckner,* 70 Ill. 514, and *Bayless v. People,* 56 Ill. App. 55.

Certain bankruptcy cases are cited by defendant in error but they have no application if our construction of the statute is correct.

3. But even if section 40 were applicable to a lienholder, yet such section requires the costs to be so apportioned "so that each party shall pay his or her equitable portion thereof." Applying this clause the court said in *McMullen v. Reynolds,* 209 Ill. 504, that if it was inequitable for defendants to pay any portion of the complainant's solicitors' fee, that such fee should not be taxed as costs and apportioned. This proceeding was not brought for plaintiffs in error's benefit. They were not voluntary parties to it. While they acquired some benefit by having the indebtedness to the bank partially liquidated from the proceeds of sale, thus obviating the necessity of foreclosure proceedings, yet this was seemingly as advantageous to the tenants in common, for whose benefit the partition proceeding was primarily begun, the benefit to plaintiffs in error being merely incidental to their liens recognized in the petition. All the costs, except the slight cost of proving the amount of the indebtedness, would have been incurred in any event. Besides plaintiffs in error had their own counselor and were required to assume the burden of proving the indebtedness to the bank and the nature thereof. Furthermore, the bulk of the testimony taken related to a dispute between the petitioner and the other heirs or tenants in common as to whether the amount of the second mortgage should be charged against the interest of one of them. Whether as between them the suit could be deemed an amicable one is not before us for decision. But in no event should plaintiffs in error have been required to pay the costs of taking testimony to settle such disputes in which they had no possible interest, nor the costs which were advanced by the peti-

tioner solely for his own benefit or that of his cotenants in common.    To require plaintiffs in error to pay any portion of the costs was therefore inequitable from any point of view.

The decree of distribution, therefore, will be· reversed and the cause remanded with directions to proceed not inconsistent with the views stated in this opinion.

*Reversed and remanded with directions.*