GEORGE W. HYDE

v.

JOHN J. HEATH.

1. BURDEN OF PROOF — *to show whether tax title is valid or not, on bill to set it aside as a cloud on title.* Upon bill filed to impeach and set aside a tax deed as a cloud upon the complainant's title, the burden of proof is upon the complainant, and he must prove the allegations of his bill, and show the invalidity of the deed.

2. EVIDENCE — *when objection should be specific.* Where a general objection was made to the introduction in evidence of a certified copy of a decree in bankruptcy, to establish title to lands acquired thereunder, which the court overruled, and, on appeal, the party objecting urged that the copy should not have been admitted, for the reason that it contained no *placita :   Held,* that if this reason had been urged below, the record should have been excluded, but not being made there, the court did not err in admitting it, and the objection in this court came too late.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. GEO. S. HOUSE, for the appellant.

Mr. EDMUND S. HOLBROOK, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by John J. Heath, appellee, in the Circuit Court of Will county, against George W. Hyde, appellant, to remove a cloud from the title of appellee in a certain lot in the city of Joliet.

The bill alleges that appellee is the owner, and in the actual possession, of the lot in question.

It is also alleged, upon information and belief, that on or about the 14th day of August, 1867, appellant received from the city of Joliet a conveyance, commonly called a tax deed, based upon some pretended sale of said lot for taxes, which said deed

is a cloud upon appellee's title. Following this averment is a positive allegation that there never was any valid judgment against said lot before said sale, nor any valid process at the time of sale, nor any affidavit or notice, as required by the constitution and laws of the State, at the time of the making of the sale and deed.

The answer denies that appellee is the owner of the premises, and that the tax deed dated August 14, 1867, is irregular, illegal or void, and denies that it is a cloud upon appellee's title.

This is followed by an averment that the deed is regular, legal, valid, and effectual to convey the title to the lot, and it constitutes no cloud upon the title.

No proof was introduced to show that appellant had a deed or title to the premises; neither was any proof introduced in regard to the validity or invalidity of the tax title referred to in the bill and answer.

The decree rendered by the court, declaring appellant's title invalid, and a cloud upon the title of appellee, is based upon the naked allegation of the bill, that appellant has a tax title which is irregular, illegal and void, and the admission in the answer by appellant, that he has a tax title, but denies that it is irregular, illegal or void.

When the allegation of the bill is that appellant held a title, illegal and void, and a cloud upon the title of appellee, and this is denied by the answer, the question is, upon whom is the burden of proof?

The general rule that obtains in courts of equity, as well as in courts of law, is, that the point at issue must be proved by the party who asserts the affirmative, and hence the maxim of the civil law, "*Ei incumbit probatio qui dicit, non qui negat.*"

To this general rule, however, there are exceptions. In Greenleaf on Evidence, vol. 1, § 78, it is said, one class of these exceptions will be found to include those cases in which the plaintiff grounds his right of action upon a negative alle-

gation, and where, of course, the establishment of this negative is an essential element in his case.

If the allegation on appellee's bill is to be regarded as a negative one, it clearly falls within the exception mentioned by Mr. Greenleaf. The allegation is the very basis of appellee's action, the establishment of which is certainly an essential element in the case.

There are cases where the proof of a negative averment is in the possession of, or peculiarly within the knowledge of, a defendant, where the averment will be taken as true unless disproved by him. Such is the case in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any persons, except those who are duly licensed therefor; as, for selling liquors, exercising a trade or profession, or the like. Here, the party, if licensed, can immediately show it, without the least inconvenience; whereas, if proof of the negative were required, the inconvenience would be very great. Greenleaf on Evidence, vol. 1, § 79.

Such, however, is not this case. The facts constituting the defects in the tax title alleged by appellee to be void, are as much within the knowledge, possession and control of appellee as appellant. If the judgment rendered against the premises for taxes is irregular or void, the records of the court in which it was entered will show that fact; if the precept or notice is insufficient, by reference to the files of the court the defects existing therein can be established. If the preliminary steps, required by law to be taken after the sale, to authorize the purchaser at the sale for taxes to obtain a deed, have not been observed, by reference to the affidavit which the law requires to be filed and recorded before a deed shall be made, the non-compliance with the law in that regard will readily appear.

It is, therefore, imposing no hardship upon a party who files a bill to impeach a deed made upon a sale of land for taxes, to assume the *onus probandi*, and furnish the proof to sustain the allegations of his bill.

To hold that a title to real estate, held by one, could be overturned and set aside by the naked allegations contained in a complainant's bill, unsupported by proof, would be establishing an unsafe, if not a dangerous rule.

In Daniell's Chancery Practice, vol. 2, page 242, the author, in discussing the question on whom the burden of proof lies, says : " That a court will always treat a deed or instrument as being the thing which it purports to be, unless the contrary is shown ; and, therefore, it is incumbent upon the party impeaching it, to show that the deed or instrument in question is not what it purports to be ; therefore, where a bond, which was upon the face of it a simple money bond, was impeached as being intended merely as an indemnity bond, it was held that the burden of proving it to be an indemnity bond, lay on the party impeaching it."

The author, after citing other examples to illustrate his position, says : " In all cases where the presumption of law is in favor of a party, it will be incumbent on the other party to disprove it, although, in so doing, he may have to prove a negative."

The bill in this case charges that appellant holds a deed for the premises, made upon a tax sale, which is alleged to be a cloud upon the title of appellee.

Whether any presumption should be indulged in favor of the deed it is not necessary to determine ; it is, however, clear that no presumption should be indulged against it, and when appellee charges the deed and sale to be void, and a cloud upon the title to his premises, the rules of practice in chancery, and justice, require that he should support his bill by proof.

The appellee, in establishing title to the premises, offered in evidence a certified copy of a decree in bankruptcy. The appellant entered a general objection to the introduction of the evidence. It is now insisted that the certified copy of the decree is not sufficient to show that James B. Campbell was adjudged a bankrupt, for the reason that the record offered in

evidence contains no *placita*, and hence the record does not show the court had jurisdiction of the subject matter.

Had appellant objected to the record, for the reason it contained no *placita* at the time it was offered in evidence, it would have been the duty of the court to have excluded it, but this he failed to do ; the general objection made to the evidence was not sufficient; the objection made for the first time in this court comes too late. The record was properly admitted in evidence, but, for the error indicated, the decree will be reversed, and the cause remanded.

*Decree reversed.*