PORTIA GAGE *et al.*

*v.*

ANNIE M. REID *et al.*

*Filed at Ottawa November 20, 1882.*

1.  PARTITION—PARTIES—*persons holding adverse titles.*   Under the statute the petitioners for the partition of land are required to make all persons known to hold an interest in, or who claim title to, the premises, parties to the proceeding.   The jurisdiction of the court is not limited to the line or chain of title under which a part or even the whole of the tenants in common claim.   The statute even authorizes the removal of clouds upon the titles involved in the suit for partition.

2.  SAME—*statement in bill as to adverse titles.*   But to bring such adverse or conflicting titles before the court, the bill must state, if known, their nature, and pray for a decree in reference to them.   If the nature of the title is unknown, that fact should be alleged, and the holder or claimant can be made a defendant, and required to discover the extent and the nature of his claim, upon which the bill may be amended, so as to pray for the desired relief in respect to it.

3.  SAME—*relief limited to case made by the bill.*   Where a bill for partition shows that certain persons made parties defendant, have or claim some interest in the premises, and asks to have their claims and interests, if any, ascertained, and makes no other statement or prayer as to their interests, it is error to declare certain tax titles, claimed by them, to be irregular and void, and decree the cancellation of their tax deeds, and perpetually enjoin the assertion of any title under them.   A complainant can only have such relief as he shows himself entitled to by his bill and proofs.

4.  CHANCERY—*statement in bill to remove cloud on title.*   To authorize the court to set aside or cancel tax deeds for land as a cloud on the complainant's title, the deeds should be set out in the bill, and the objections to their validity alleged, with a prayer for relief against them.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellants:

A court of equity has no jurisdiction, because the bill seeks to determine the legal title to the property, as to which complainants had an adequate remedy in ejectment, and because a court of equity, on a bill for partition, can not determine the right of partition between tenants in common, and determine the adverse legal title to the whole of the property held by one professing no relationship to the tenants in common, and whose title is derived through an entirely separate, independent and distinct source.

The bill, in this respect, is multifarious. There is no allegation in the bill sufficient to warrant the decree against appellant. *Garrick* v. *Chamberlain*, 97 Ill. 620; *Gage* v. *McLaughlin*, 101 id. 155; *Hyde* v. *Heath*, 75 id. 381.

Mr. JAMES R. MANN, and Mr. JOSIAH H. BISSELL, for the appellees:

The primary object of the bill was a partition, and in connection therewith to clear the title of a cloud. Any person having an interest in the premises was a proper party. Rev. Stat. chap. 106, sec. 6; *Henrichsen* v. *Hodgen*, 67 Ill. 179; *Gage* v. *Lightburn*, 93 id. 248. As appellants were not in possession, ejectment would not lie.

To sustain a tax deed in evidence, a valid judgment and precept must be shown. *Gage* v. *Lightburn*, 93 Ill. 248; *Hinman* v. *Pope*, 1 Gilm. 131; *Atkins* v. *Hinman*, 2 id. 437; *Bailey* v. *Doolittle*, 24 Ill. 577; *Dukes* v. *Rowley*, 24 id. 210; *Holbrook* v. *Dickinson*, 46 id. 285; Blackwell on Tax Titles, 9, and note.

The tax deed of Gage is invalid, for non-compliance with the statute as to the service of notice. Sec. 217, Rev. Stat;

*Campbell* v. *McCahan,* 41 Ill. 45; *Foster* v. *Illinski,* 3 Bradw. 345; *Gage* v. *Bailey,* 100 Ill. 530.

The notice served on the occupants was defective. It should have stated in whose name the lot was taxed.

Mr. Justice Walker delivered the opinion of the Court:

Appellees, as widow and heirs at law of Joseph J. Reid, deceased, filed this bill against Thomas Brennan, Portia Gage, Asahel Gage, and others, to obtain the correction of a deed from Daniel O'Hara, deceased, to Sherwin and the heirs at law of Reid, and to have a certain lot, that should have been named in the deed, partitioned among the owners. The bill alleges that Reid, deceased, and Sherwin, were the owners of the lot, and to secure indebtedness they owed O'Hara, they conveyed it to him; that the indebtedness having been paid, and Reid being dead, O'Hara attempted to convey the lot to Sherwin and the legal heirs of Reid, but by mistake other and different property was described in the deed, and the title failed to pass to the grantees named in the deed. The bill prays that the error in the deed be corrected, and the title to the lot be vested in the grantees, and the lot be partitioned between them according to their several interests, as should be found by the court.

The bill contains this allegation: "Your orators further show that James D. Watson, and ——— Watson, his wife, Portia Gage, of Vineland, New Jersey, Asahel Gage, of Vineland, New Jersey, and Catharine Sherwin, have or claim some interest in said premises; wherefore your orators make them defendants hereto, that their claims and interests, if any, may be ascertained by this honorable court." But no other or further mention is made in the bill, or the prayer, of these defendants, or their title or interest in the premises. Portia and Asahel Gage demurred to the bill, but the demurrer was overruled. They answered, setting up each their several

tax deeds, claiming title in fee to the lot in controversy, and that they had expended large sums in paying taxes on the lot. On a hearing the court granted the relief sought in the prayer of the bill. The decree went further, and found the tax deeds set up by Portia and Asahel severally in their answers, were void, and declared them illegal, irregular and void, and declared them canceled and set aside, and they were perpetually enjoined from asserting any right, title or interest under them. From this decree Asahel and Portia Gage appeal, and assign errors.

It is insisted that in a bill for partition, under the statute, no title can be examined or brought into the case but that in the line in which the tenants in common claim,—that separate titles derived from other sources, and claimed in other chains of title, can not be brought before the court and investigated in such a proceeding. The 5th section of the Partition act requires the petition to set forth the interests of all persons interested in the premises, so far as they are known, including tenants for years, for life, by curtesy, dower, and all persons entitled to the reversion, remainder or inheritance, and of every person who, upon any contingency, may be or become entitled to any beneficial interest in the premises, so far as known. The 6th section provides, that every person having any interest, whether in possession or not, and who is not a petitioner, shall be made a defendant. The language of these sections is very comprehensive, and its generally accepted import would include all known titles, whatever their source or character.

Again, the 39th section is very broad, and confers more comprehensive jurisdiction than the 5th and 6th sections. It provides, that "in all suits for the partition of real estate, whether by bill in chancery or by petition, under this act, the court may investigate and determine all questions of conflicting or controverted titles, and remove clouds upon the titles to any of the premises sought to be partitioned."

When we consider that this provision was adopted as an amendment, it is apparent that it was intended to enlarge the scope of the 5th and 6th sections. These sections fully covered and conferred jurisdiction to find the ownership and interest of the parties derived from the same source, and in the same chain of titles. The 39th section must therefore have been intended to enlarge their operation, so as to embrace all known claims and titles to the premises sought to be partitioned, without regard to their source.

The statute in terms embraces all conflicting titles, and every kind of adverse title conflicts with all other titles. It also embraces controverted titles,—and this includes all disputed titles, of every nature. But as though this was not sufficiently specific in its comprehensive provisions, it authorizes the removal of clouds upon the titles involved in the partition suit. We are unable, from the language of the act, to limit the jurisdiction of the court to the line or chain of title under which a part or even the whole of the tenants in common claim, but must hold that petitioners must make all persons known to hold an interest in, or who claim title to, the premises, parties to the proceeding. The statute, we think, will bear no other construction.

But to bring such title before the court, the bill must state, if known, the nature of the adverse title, and pray for a decree in reference to it. If the nature of the title is unknown to complainants, that fact may be alleged, and the holder or claimant can be made a defendant, and required to discover the extent and the nature of his claim, and on the discovery the bill can be amended so as to pray for the desired relief. It would be anomalous to find titles invalid, or enjoin their assertion, without any pleadings or allegations upon which to base the relief. It would be an innovation on long, well established and familiar practice. It has been held, in cases almost without number, that a complainant can only have such relief as he entitles himself to by the

33—104 ILL.

allegations of his bill, supported by proof. The bill in this case shows no kind of title in appellants, nor is there any charge that it is defective, nor is there any prayer that it be canceled, and appellants be enjoined from asserting their titles. The titles under which they claimed were tax deeds, and were on record, and complainants could, by turning to the public records, without any considerable inconvenience, have learned their source and nature, or, on their titles being disclosed in their answer, they should have amended and set them out in their bill, and alleged objections to their validity, and prayed for relief against them. This they failed to do, and for that reason the bill was defective, and appellants' demurrer should have been sustained, and the court erred in overruling it, and it was error to grant relief not asked by the bill.

The decree of the court below is reversed, and the cause remanded.

*Decree reversed.*