## JACOB GLOS

*v.*

## NELLIE CARLIN *et al.*

*Opinion filed February 17, 1904.*

1. PARTITION—*rule as to burden of proving invalidity of tax deed in partition proceeding.* On a bill for partition and to cancel a tax deed as a cloud on title the complainant has the burden of establishing the invalidity of the tax deed, the same as though the proceeding were solely to remove a cloud on title.

2. SAME—*allegations with respect to invalidity of tax deed must be supported by proof.* Where a bill for partition and to remove a tax deed as a cloud on title alleges that the tax deed is invalid for certain specific reasons, complainant must prove that the tax deed was invalid for some one or more of the reasons alleged, in order to warrant a decree canceling such deed.

3. CLOUD ON TITLE—*what equivalent to cancellation of tax deed.* A decree in a proceeding to partition land and cancel a tax deed, which finds that the defendant owner of the tax deed "has no right, title or interest in or to said lots under the tax deed issued to him, or in any manner whatsoever," is equivalent to a finding that the tax deed is a cloud on title and should be removed.

4. SAME—*when recital as to proof is not conclusive.* A recital in a decree granting the relief prayed on a bill for partition and to remove a tax deed as a cloud on title, that the owner of the tax deed "has failed to show or establish any title," does not aid in sustaining the decree, where no proof of the invalidity of the tax deed was introduced.

APPEAL from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This is a bill, filed on December 13, 1901, in the Superior Court of Cook county by the appellee, Nellie Carlin, against Jessie O. Darrow, Catherine Schilling, Jacob Glos and Henry L. Glos for the partition of two lots, known as lots 22 and 24 in block 2 of Douglas Park addition to Chicago, and also for the removal of two tax deeds as clouds upon the title to the lots, sought to be partitioned. A decree, such as is hereinafter set forth, was entered in favor of the present appellees and against

the appellant, Jacob Glos. The present appeal is prosecuted from such decree.

The bill alleges that the complainant below, Nellie Carlin, and two of the defendants, Jessie O. Darrow and Catherine Schilling, are the owners in fee simple, as tenants in common, of said lots 22 and 24; that the appellee, Nellie Carlin, is the owner in fee of an undivided one-half of said lots; that Jessie O. Darrow owns an undivided one-half of lot 22, and Catherine Schilling an undivided one-half of lot 24. The bill also alleges that the appellant, Jacob Glos, claims an interest in lot 24 by virtue of a tax deed, dated June 21, 1901, and recorded July 19, 1901; that said tax deed was issued to Jacob Glos upon application No. 6209K upon a tax sale of lot 24 to Jacob Glos on October 5, 1898, for the 1897 general taxes thereon for $11.88. The bill also makes allegations as to two certain tax deeds, issued to Henry L. Glos conveying to him said lot 22; but the controversy with Henry L. Glos was settled after the beginning of this suit, and, by the final decree entered, the cause was dismissed without costs as to Henry L. Glos and as to the tax deed described in the bill as having been issued to him, so that there is here now no controversy as to Henry L. Glos.

The bill sets up that the tax deeds described therein, including the tax deed of lot 24 to Jacob Glos, are void for certain reasons appearing in the proceedings for said tax sales, and in the applications filed for the issuance of said deeds; and the bill sets forth some ten or eleven specific reasons why said tax deeds are void. Among the reasons alleged are, that the precept and judgment for each of said tax sales were void, because the court had no jurisdiction, and because the judgment recites that it is for both taxes and assessments. The bill also alleges "that said tax deeds exist of record uncanceled, are clouds upon the title to said real estate, and tend to depreciate its value and prevent a sale thereof."

207—13

The bill avers that complainant is ready and willing, and offers to re-pay to the holders of the tax deeds the several amounts paid by them at the tax sales, with lawful interest thereon, and all subsequent taxes, with interest, and such further sums, as equity may require, as conditions precedent to the setting aside of said deeds.

The bill prays for partition, and that, in case it can not be made, the real estate be sold and the proceeds be divided. It also prays "that said tax deeds be removed as clouds upon the title to said real estate; that defendants Jacob Glos, Henry L. Glos and those claiming under them, be restrained from asserting any right, title or interest in said real estate."

Jacob Glos filed an answer, denying that Nellie Carlin, Jessie O. Darrow and Catherine Schilling were the owners in fee simple, as tenants in common of the premises in question, and claiming that he and Emma J. Glos and D. Arnold are the owners of said premises; that, at the time of the filing of the bill, all interest, if any, which the complainant and Jessie O. Darrow and Catherine Schilling had, had been lost through the tax deeds. Defendant, Jacob Glos, denies that the tax deeds mentioned in the bill or either of them are illegal for any of the reasons stated in the bill, and denies that the reasons stated are sufficient to render said tax deeds, or any of them, invalid, but avers that each one of said tax deeds is a valid and legal conveyance, etc.

The answers of Jessie O. Darrow and Catherine Schilling admit the ownership of the property, as alleged in the bill, and join with complainant in alleging the invalidity of the tax deeds therein described for the reasons therein set forth, and ask that the same may be removed.

In its final decree, rendered on September 21, 1903, the court below found that it had jurisdiction of the subject matter and of the parties; "that equities are with the complainant; that the material allegations of the bill are true;" that the parties own undivided interests,

as alleged in the bill; that Jacob Glos claims some title or interest in lot 24 by virtue of the tax deed, dated June 21, 1901; "but the court finds that said Jacob Glos has failed to show or establish and has no right, title or interest whatever in or to said lot 24, under or by virtue of said tax deeds, or in any manner whatsoever;" that "Jacob Glos has no right, title or interest in or to said lots, under the said tax deed issued to him, or in any manner whatsoever." The decree then orders that partition be made, and appoints commissioners, etc.

JACOB GLOS, *pro se*, (JOHN R. O'CONNOR, of counsel.)

OLIVER & MECARTNEY, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a bill for partition, and for the removal of certain tax deeds, as clouds upon the title. The final decree found that the parties, alleged in the bill to be the owners in fee of the lots as tenants in common, did own the interests claimed by them; and, substantially, there is no controversy upon the question of such ownership and the right of the tenants in common to partition. The real controversy is between the tenants in common, owning undivided interests in the property, and Jacob Glos as to the tax deed of lot 24 held by him.

Section 39 of the Partition act provides that "in all suits for the partition of real estate, whether by bill in chancery or by petition, under this act, the court may investigate and determine all questions of conflicting or controverted titles, and remove clouds upon the titles to any of the premises sought to be partitioned," etc. (3 Starr & Curt. Ann. Stat.—2d ed.—p. 2925). In construing this statute, we have held that in a bill for partition, filed thereunder, the examination of title is not limited to the line of title, in which the tenants in

common claim, but that separate titles, derived from
other sources and claimed in other chains of title, can
be brought before the court and investigated in such a
proceeding, and that clouds upon titles may be removed
in the partition suit.    In such cases, the court, having
jurisdiction for the purpose of making partition, is au-
thorized to proceed to settle questions of controverted
titles between the parties.    The Partition act thus al-
lows two kinds of relief in relation to two different
subjects to be sought in the same proceeding, to-wit,
partition, and the removal of clouds upon the title sought
to be partitioned.    (*Gage* v. *Reid*, 104 Ill. 509; *Mott* v. *Dan-
ville Seminary*, 129 id. 403; *Hughes* v. *Carne*, 135 id. 519).

Where a bill is filed for the purpose of removing a
tax deed as a cloud upon the title, the burden of proof
is upon the complainant to show that the tax deed is in-
valid, and not upon the holder of the tax deed to show
that his deed is valid.    Such has been the holding of this
court in a number of cases.

In *Hyde* v. *Heath*, 75 Ill. 381, it was held that, upon
bill filed to impeach and set aside a tax deed as a cloud
upon the complainant's title, the burden of proof is upon
the complainant, and he must prove the allegations of
his bill, and show the invalidity of the deed.    (See also
*Gage* v. *Reid, supra; Gage* v. *Bissell*, 119 Ill. 302; *Gage* v.
*Stokes*, 125 id. 40; *Gage* v. *McLaughlin*, 101 id. 155).

In the case at bar, the bill alleges that the tax deed
of lot 24, held by appellant, was invalid for certain spe-
cific reasons, and it was necessary for the complainant,
in order to remove such deed as a cloud upon the title,
to prove that the deed was invalid for some one or more
of the reasons alleged.    It is well settled that the proofs
and allegations must agree.    "It is a familiar rule in
equity that a complainant is not permitted to state his
case one way in his bill, and make another and a differ-
ent case by the evidence.    He must recover, if at all, on
the grounds stated in the bill.    The *allegata* and *probata*

must correspond." (*Terre Haute and Indianapolis Railroad
Co.* v. *Peoria and Pekin Union Railway Co.* 167 Ill. 296; *Purdy*
v. *Hall,* 134 id. 298; *Flinn* v. *Owen,* 58 id. 111). Here, no
proof whatever was admitted, establishing the invalid-
ity of the tax deed. The complainant below, the present
appellee, Nellie Carlin, introduced in evidence the tax
deed itself. The court below excluded all the evidence,
offered by appellee, and admitted simply the tax deed.
The decree, however, finds that all the material allega-
tions of the bill are true; but this finding is without sup-
port in the evidence as to the most material allegation
made in regard to the tax deed of lot 24. No proof what-
ever was admitted as to the invalidity of that deed.

The theory of the chancellor below seems to have
been that, because this was a partition proceeding, all
the parties were required affirmatively to establish their
respective titles, and that it was incumbent upon the
appellant, Jacob Glos, to prove the validity of his tax
deed, and not incumbent upon the complainant below to
establish its invalidity; and the final decree was ren-
dered upon this theory.

We are not aware of any rule, which requires the
proof as to the removal of a cloud upon title to be dif-
ferent in a partition suit from what it is in a suit, where
the only relief sought is the removal of the cloud. If
this were a bill merely for the removal of a tax deed as
a cloud, and not for partition, it would not be contended
that the burden of proof was not upon the complainant
to show that the tax deed was invalid, because only in
that way could he prove that the tax deed was a cloud
upon his title, as alleged in the bill. Where the proceed-
ing is for partition, and also for the removal of a tax
deed, as a cloud upon the title sought to be partitioned,
the same rule is applicable, that is to say, the burden of
proof is upon the complainant to establish the invalidity
of the tax title. There is no reason why the rule should
be any different in the one case from what it is in the

other. (*Hyde* v. *Heath, supra; Gage* v. *Reid, supra; Gage* v. *Curtis,* 122 Ill. 520.)

It is said by counsel for appellees that there was here no finding by the court that the tax deed was a cloud, and no decree that it should be removed as a cloud. The court, however, finds in its decree that "Jacob Glos has no right, title or interest in or to said lots under the said tax deed, issued to him, or in any manner whatsoever.' This finding is substantially equivalent to a finding that the tax deed was a cloud upon the title and should be removed, because the latter finding would have given no further or greater relief than the finding actually made. If Jacob Glos had no right, title or interest in lot 24 under the tax deed issued to him, and the court made a decree to that effect, then appellees obtained the relief, for which they prayed, without the admission in evidence of any proof whatever as to the invalidity of the tax deed.

The decree also finds that "Jacob Glos has failed to show or establish" any title. It made no difference whether he failed to establish or show any title or not, inasmuch as, under the allegations of the bill, and, in order to obtain the relief asked for, it was necessary for the appellees to prove that the tax deed was invalid.

We are of the opinion that the theory, upon which the trial court proceeded in holding that the appellant Glos was obliged to establish the validity of his tax title, and that the appellees were not obliged to show its invalidity, was erroneous, and opposed to the current of authority in this State.

For the error above indicated, the decree of the superior court of Cook county is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*