O. C. MILLER vs. E. M. MILLER et al. Defendants in Error.—(JACOB GLOS, Plaintiff in Error.)

*Opinion filed April 23, 1914.*

1. PARTITION—*sections 5 and 6 of Partition act apply whether proceeding for partition is by bill in chancery or by petition.* Sections 5 and 6 of the Partition act, as to who shall be necessary parties, apply whether the proceeding is by a petition under said act or by a bill in chancery, as the practice in the chancery proceeding must conform to the Partition act.

2. SAME—*sections 5 and 6 of the Partition act construed.* Sections 5 and 6 of the Partition act, which specify the necessary parties to a partition suit, were not intended to include holders of every possible interest, whether common to the estate or adverse and hostile, but include only such persons as have a common interest in the property sought to be partitioned.

3. SAME—*holders of adverse titles are proper but not necessary parties.* The complainant in a bill for partition, or the petitioner in a petition for partition under the statute, may, if he sees fit, make adverse claimants and holders of title adverse to that of the tenants in common parties defendant, and thus, under section 39 of the Partition act, try out the question of title, to the end that clouds, if any, may be removed; but it is not incumbent upon him to do so unless he shall so elect.

4. SAME—*when complainant may dismiss as to holder of tax title.* Where the holder of a tax title, not designated by name as a party to a bill for partition but claiming to be a party under the designation of "unknown owners," enters his appearance and answers the bill he thereby separates himself from the class designated as unknown owners, and if he files no cross-bill complainant may dismiss the bill as to him, and he will not be thereafter bound by the decree nor can he have the decree reviewed on writ of error.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding.

JOHN R. O'CONNOR, for plaintiff in error.

ROBERT ZALESKI, (SHERMAN C. SPITZER, of counsel,) for defendants in error.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error, Jacob Glos, has sued out this writ of error to review a decree for partition of the superior court of Cook county. Plaintiff in error is the holder of a tax title to the property in question, which title is adverse to that of the tenants in common. He was not made a party defendant to the bill, unless it should be held that he was made a defendant under the designation of "unknown owners." After naming all the co-tenants as defendants, except the complainant in the bill, and all those who had a common interest in the property with the co-tenants, the bill alleged that there were other persons who claimed some right, title or interest in or to the premises who were unknown, and they were made parties defendant by the name and description of unknown owners. The bill prayed that all of the defendants except the co-tenants should be perpetually restrained from claiming or asserting any title to or interest in the premises and that a partition might be had among the tenants in common. Before hearing was had on the bill Jacob Glos filed his written entry of appearance, claiming to have been made a defendant under the designation of unknown owners, and afterwards filed an answer, in which he alleged that he had derived title to the premises by deed from the executors of Daniel J. Hubbard, who in his lifetime had secured title to the property from tax sales and deeds issued thereunder. The complainant moved to strike the appearance and answer of plaintiff in error from the files, which motion was denied. The bill was thereupon dismissed as to plaintiff in error, over his objection, on motion of the complainant. A decree was entered finding title in the co-tenants as set up in the bill; also finding that other persons who had been made parties defendant by the description of unknown owners claimed some right, title or interest in the premises, but that none of such persons had any valid right, title or interest in or

to the premises, and ordering partition of the property. Thereafter plaintiff in error entered his motion to vacate the decree, and in the alternative that he be allowed an appeal. These motions were continued to the next term of court, at which time he again filed his written appearance and also a petition for leave to answer the bill by way of interpleader. These motions were denied and the petition. was stricken from the files. Plaintiff in error prayed an appeal, which was denied. Thereupon this writ of error was sued out.

The contention of plaintiff in error is that he was a necessary party to the partition proceeding and that his rights and interests in the property should have been ascertained by the court, and if his title was found to be invalid he should have been reimbursed in accordance with the Revenue law. Defendants in error concede that plaintiff in error was a proper party defendant to the bill for partition but deny that he was a necessary party. In support of his position plaintiff in error cites a line of cases which hold that the practice prescribed in the Partition act applies to bills in chancery for partition, and insists that under that act he was a necessary party defendant. Defendants in error rely upon the fact that this is a proceeding by bill in chancery and not by petition under the statute, and cite cases in support of the contention that the practice prescribed by the Partition act does not apply. They cite such cases as *Labadie* v. *Hewitt,* 85 Ill. 341, which holds that bills in chancery for partition are not required to conform to the practice of the Partition act, and that the Partition act of 1861 fully recognizes chancery proceedings as not being governed by that act and as not coming within its provisions; and *Wilson* v. *Illinois Trust and Savings Bank,* 166 Ill. 9, which holds that the Partition act, with the exception of the last two sections, relates to a proceeding at law and nowise affects the jurisdiction of equity, which has long been well established. Plaintiff in error relies upon

and cites such cases as *Loomis* v. *Riley,* 24 Ill. 307, *Gage* v. *Reid,* 104 id. 509, *Gage* v. *Bissell,* 119 id. 298, *Trainor* v. *Greenough,* 145 id. 543, *Prichard* v. *Littlejohn,* 128 id. 123, *Rohn* v. *Harris,* 130 id. 525, *Coffin* v. *Argo,* 134 id. 276, *Spencer* v. *Wiley,* 149 id. 56, *Cheney* v. *Ricks,* 168 id. 533, *Wachter* v. *Doerr,* 210 id. 242, *Crane* v. *Stafford,* 217 id. 21, and *Schulz* v. *Hasse,* 227 id. 156, as holding, in effect, that the practice prescribed in the Partition act applies to proceedings in chancery for partition as well as to petitions under that act. Those cases which hold that sections 5 and 6 of the Partition act govern partition proceedings in chancery are particularly relied upon.

That there is some conflict in the decisions on the question of the practice which governs in chancery proceedings is apparent, but this conflict should not result in any confusion as to the proper practice to be followed. By our later decisions we have held that the practice in chancery proceedings must conform to the Partition act. It is therefore immaterial, so far as the determination whether plaintiff in error was a necessary party defendant is concerned, that this was a bill in chancery instead of a petition at law, as sections 5 and 6 of the Partition act, as to who shall be considered necessary parties, apply in either event. (*Gage* v. *Reid, supra; Prichard* v. *Littlejohn, supra; Cheney* v. *Ricks, supra; Wachter* v. *Doerr, supra.*) Said section 5 provides, among other things, that the petition shall set forth the interests of all parties interested therein, including tenants for years, for life, by curtesy or in dower, and of all persons entitled to the reversion, remainder or inheritance, and of every person who upon any contingency may be or become entitled to any beneficiary interest in the premises; and section 6 provides that every person having any interest, whether in possession or otherwise, and who is not a petitioner, shall be made a defendant. It is by virtue of the language of these two sections that plaintiff in error contends he was a necessary party. As we have

already stated, these sections of the statute apply in this proceeding and must be complied with.

The only question to be determined is whether the interest claimed by plaintiff in error in this property is such as requires him to be made a party defendant under these two sections of the Partition act. Section 5 provides for the various interests which must be set forth in the petition. Section 6, in providing who shall be made parties, necessarily refers to persons having such interests as are designated in section 5. These sections were not intended to include every possible interest, whether common to the estate sought to be partitioned or adverse and hostile to it. They include only such persons as have a common interest in the property sought to be partitioned, and do not include the holders of titles adverse or hostile to that of the co-tenants. Even if the language of these two sections permitted of any other construction, the fact that by section 39 of the act it is provided that in all suits for partition, whether by bill in chancery or by petition under the act, the court may investigate and determine all questions of conflicting or controverted titles and remove clouds upon the titles to any of the premises sought to be partitioned, invest titles in the parties to whom the premises are allotted, etc., would be conclusive that the construction we have given to sections 5 and 6 is the proper one. As we said in *Glos* v. *Carlin,* 207 Ill. 192, "the Partition act thus allows two kinds of relief in relation to two different subjects to be sought in the same proceeding, to-wit, partition, and the removal of clouds upon the title sought to be partitioned."

The complainant in a bill for partition or the petitioner in a proceeding at law may, if he sees fit, make adverse claimants and the holders of title hostile to that of the tenants in common parties defendant and thus try out the question of title, to the end that clouds, if such there be, may be removed. It is not incumbent upon them to do so, however, unless they shall so elect. The holders of

such adverse titles are therefore, under section 39 of the Partition act, proper but not necessary parties defendant. The legislature no doubt recognized the fact that it was generally advisable to take advantage of a proceeding in partition to quiet the title to the premises and remove such clouds as might exist. In making it optional with a party seeking partition to avail himself of this remedy it also undoubtedly recognized the fact that there are cases where it would not be advisable to invite litigation over adverse titles. It frequently happens that it would be unwise for the co-tenants to seek such litigation, and in this case there is a reason quite apparent why they would not seek to remove the deed of plaintiff in error to the premises as a cloud upon their title.

It is further contended that whether or not plaintiff in error was a necessary party he was, in fact, made a party under the designation of "unknown owners" and that the decree seeks to bind him. Whether the situation is such that plaintiff in error could be properly held to have been made a defendant as an unknown owner is not sufficiently disclosed by the pleadings for our determination. The chancellor evidently regarded him as having been made a party defendant as one of that class, as is indicated by his denial of the motions to strike the written entry of appearance and answer of plaintiff in error from the files. If the plaintiff in error was properly included within the class designated as unknown owners he was separated from that class and became a defendant under his own proper name when he entered his appearance and answered the bill. As he was not a necessary party defendant and had not filed a cross-bill the complainants had the right to dismiss as to him, (*Gage* v. *Bissell, supra;* · *Gage* v. *Stokes,* 125 Ill. 40;) and this having been done, plaintiff in error had no further interest in the proceedings and could not be bound or affected by any decree which might thereafter be entered. As plaintiff in error was not a party or privy to the record

or one who was injured by the decree or would be benefited by its reversal he is not entitled to sue out this writ of error. *McIntyre* v. *Sholty,* 139 Ill. 171; *Harms* v. *Jacobs,* 155 id. 221; *People* v. *Lower,* 254 id. 306.

The writ of error is dismissed.          *Writ dismissed.*