EDWIN M. CLARK *et al.* Defendants in Error, *vs.* ROBERT ZALESKI *et al.*—(EMMA J. GLOS, Plaintiff in Error.)

*Opinion filed June 24, 1915.*

1. PARTITION—*one who claims adverse interest is not a necessary party to a partition suit.* Under the Partition act, one who claims an adverse interest is a proper but not a necessary party to a partition suit, since the statute includes only such persons as have a common interest in the property sought to be partitioned. (*Miller* v. *Miller,* 263 Ill. 18, followed.)

2. SAME—*one who is dismissed from partition suit before decree entered is not affected by the decree.* An unnecessary party to a partition suit, who is dismissed before the final decree is entered, is not affected by such decree.

3. APPEALS AND ERRORS—*one not a party to suit nor affected by decree is not entitled to review by writ of error.* One who is neither a party to the record nor affected by the decree entered is not in a position to have the same reviewed by writ of error.

4. SAME—*all parties to record in lower court must be parties to the record on writ of error.* All persons who are parties to the judgment or decree in the court below must be parties to the record in the Supreme Court on writ of error, and while a party may use the names of his co-defendants or co-plaintiffs in suing out a writ of error, yet if they do not join in the assignments of error there must be a severance of interests. (*Wuerzburger* v. *Wuerzburger,* 221 Ill. 277, followed.)

WRIT OF ERROR to the Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding.

JOHN R. O'CONNOR, for plaintiff in error.

CHARLES L. BARTLETT, and SHERMAN C. SPITZER, for defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Defendant in error Edwin M. Clark filed a bill in the superior court of Cook county against Robert Zaleski and others, including the plaintiff in error, for the partition of

lots 1, 3 to 6, 10 to 13, 39, 45 to 50, 52 to 54, and 57 to 90, inclusive, in J. R. Lane's subdivision of the southwest quarter of the northeast quarter of the southwest quarter of section 35, township 40, north, range 13, east of the third principal meridian, in Cook county, Illinois, excepting therefrom the right of way of the Chicago, Milwaukee and St. Paul Railroad Company. Certain of the defendants, including the plaintiff in error, answered, and other defendants were defaulted and a decree *pro confesso* entered as to them. On motion of complainant the bill was dismissed as to the plaintiff in error before the final decree was entered. After the bill had been dismissed as to her, plaintiff in error filed her petition for leave to intervene, in which she set up some of the proceedings had on the original bill, together with the claim that she was the owner in fee simple of the premises and in actual possession of the same at the time the bill was filed. The court denied the petition for leave to intervene and entered a decree finding Clark and Zaleski were the owners, in fee simple, each of an undivided one-half of said premises and ordered partition of the same in accordance with the prayer of the bill. From this decree Emma J. Glos, Jacob Glos, August A. Timke, as trustee, James R. Lane, Willis V. Elliot, William Shillaber, Jr., and the Central Trust Company of New York, as trustee, prayed a joint and several appeal, which was allowed but never perfected, and Emma J. Glos alone has sued out a writ of error from this court and assigned error on the record in this court.

It is alleged in the bill that on December 2, 1891, Arthur S. Rundall was the owner of the premises in question, subject to a certain trust deed to the Northern Trust Company; that on that date he platted the same into a subdivision, known as J. R. Lane's subdivision of the southwest quarter of the northeast quarter of the southwest quarter of section 35; that various conveyances were made of the lots embraced in the subdivision, and that from time to time

the lots in question were sold for delinquent taxes and tax deeds issued thereon to Jacob Glos and also to the city of Chicago; that on May 29, 1902, Jacob Glos, by quit-claim deed recorded in the recorder's office of Cook county on June 2, 1902, conveyed to plaintiff in error, his wife, an undivided one-third of all lots and lands, of every description, in the city of Chicago to which he had acquired title by tax deeds and placed the same of record; that all of said lots were forfeited to the State of Illinois for unpaid taxes for the years from 1900 to 1903, inclusive, and that on April 7, 1905, the People of the State of Illinois commenced a foreclosure proceeding in the circuit court of Cook county against Lynden Evans and others, which resulted in a decree of foreclosure and the sale of the premises to one Walter Langlois, who thereafter assigned his certificate of purchase to S. B. Tefft and B. H. Collier, and as a result of such proceedings Tefft and Collier acquired a valid title to all of said lots and subsequently conveyed the same to Clark and Zaleski, who became and are the owners, in fee simple, of said premises. The bill prays that a decree be entered quieting the title to said lots in them as against all parties to the suit, and for partition of the premises.

The cause was heard by the chancellor. Evidence was introduced showing title to the premises in Arthur S. Rundall in 1892; the platting of the same as Lane's subdivision; the record of the tax foreclosure proceedings and the deeds issued pursuant thereto by the county clerk conveying the lots in question to Tefft and Collier, and quit-claim deeds from them conveying to Clark and Zaleski each an undivided one-half interest in said premises. The tax deeds issued prior to the foreclosure proceedings, conveying the lots to Jacob Glos, together with a certified copy of a quit-claim deed from him to plaintiff in error of one-third of all lots and lands, of every description, in the city of Chicago to which he had acquired title by tax deeds of record, and a trust deed from him to August A. Timke of the premises,

were also offered in evidence. In addition to this, plaintiff in error also offered evidence to the effect that she was in possession of lots 57 to 90, inclusive, under her deed at the time the bill in question was filed. This evidence consisted of the testimony of one Arnold that on November 30, 1908, he built a sort of fence, consisting of a single strand of wire fastened to stakes, around lots 57 to 90, inclusive, pursuant to the order of Timke. In contradiction of this testimony Clark introduced the deposition of one Strong that during the period of time from December 8, 1906, to December 9, 1908, he frequently visited the premises, and that during that time they were entirely vacant and unoccupied and not enclosed by a fence or otherwise improved; also the testimony of one Regnall that in July, 1910, acting for Clark, he constructed a substantial post-and-wire fence around all of said lots, and that at that time there was no fence enclosing the premises or anything to indicate that a fence had ever enclosed the premises or any part of the same. A lease was also introduced, dated July 8, 1910, by which Clark and Zaleski had leased the premises to Charles A. Parker. On the whole, we think the clear preponderance of the evidence shows that plaintiff in error was not in possession of the premises at the time the bill in question was filed, on August 22, 1910.

The grounds urged for reversal of the decree are: (1) That the pleadings and evidence show that plaintiff in error was a necessary party to the proceedings, and no decree could lawfully be entered establishing a clear title, in fee simple, to the premises in any person unless plaintiff in error was a party to such proceedings; (2) that the record shows that she was in the actual, rightful possession of lots 57 to 90, inclusive, before the bill was filed, and that such possession was invaded by Clark and Zaleski, who were trespassers as to lots 57 to 90, and their remedy was in ejectment; (3) that the proceedings relating to the foreclosure and issuance of a deed to Clark and Zaleski

were so defective and irregular that no valid title was acquired thereby.

What we have said above disposes of plaintiff in error's second contention, and it will not be further referred to.

In support of plaintiff in error's first contention our attention is called to the provisions of sections 5, 6 and 39 of the Partition act, (Hurd's Stat. 1913, p. 1818,) by virtue of which it is insisted that she was a necessary party to the proceedings for the reason that she claimed title to the premises in fee simple by virtue of the quit-claim deed from Jacob Glos to her of May 29, 1902, and was in actual possession of the premises at the time the bill was filed. Similar contentions with respect to the effect of the provisions of sections 5, 6 and 39 of the Partition act were made in *Miller* v. *Miller,* 263 Ill. 18, and we there held that those provisions were not intended to include the holders of every possible interest in the premises sought to be partitioned, including those interests that are hostile and adverse, but were only intended to include such persons as had a common interest in the property sought to be partitioned; that while a party claiming an adverse and hostile interest in the property might be made a party to the proceedings for the purpose of investigating and determining conflicting questions as to the title to the premises, such persons were not necessary parties to such proceedings, and that if they were made parties or became such under the designation of unknown owners, and filed no cross-bill, the court might dismiss them out of the case, at the instance of complainant, at any time before the final decree. That decision is conclusive upon the contention that plaintiff in error was a necessary party to the proceedings by reason of her claim of ownership in fee simple to the premises. Whatever title or interest she had or claimed in the property was acquired by virtue of the quit-claim deed from Jacob Glos to her, and was hostile and adverse to the title under which Clark and his co-tenant, Zaleski, claimed. She was therefore a

proper but not a necessary party to such proceedings. *Miller* v. *Miller, supra.*

As to the third contention, the record shows that the bill was dismissed as to plaintiff in error, and the decree specifically finds who were parties to the cause, (naming them,) omitting therefrom the name of plaintiff in error. The decree entered sets out the decree in the foreclosure proceeding of the People against Evans and others, and finds that by virtue of that decree Tefft and Collier acquired a valid and indefeasible title, in fee simple, to said real estate, and every part thereof, against all persons and their privies who were parties to the proceeding; that all parties to the suit were either parties to that proceeding or privies to or claimed under such parties, and that the same is *res judicata* as to all parties to this suit and as to all matters which were or might have been litigated therein; that by reason of that decree each and all of the defendants to this suit, excepting the defendant Zaleski, are now barred and precluded from claiming or asserting any right, title or interest in said premises which was held or claimed by any or either of them at the time of the commencement and during the pendency of that foreclosure proceeding. The decree also finds that the complainant, Clark, and the defendant Zaleski are seized in fee simple and entitled to an undivided one-half of said premises free and clear from all right, title and interest and all liens, claims and incumbrances which were held or claimed by each and all parties to the foreclosure proceeding at the time of the commencement and pendency thereof, but does not attempt to pass upon or adjudicate the question of the right, title and interest of plaintiff in error in the premises, nor could it have done so with binding effect after she had been dismissed out of the case. *Miller* v. *Miller, supra.*

Neither do we think the court erred in its finding as to the effect of the decree in the tax foreclosure proceeding. In *Clark* v. *Zaleski,* 253 Ill. 63, and *People* v. *Evans,* 262

id. 235, we held that proceeding was valid and binding and cut off all right, title and claim, of every kind and character, of all persons who were parties to it, and that the purchasers at such sale to whom deeds were issued, acquired a valid title to the premises as against all persons and their privies who were parties to such foreclosure proceeding. We further held in *People* v. *Evans, supra,* that the decree entered in the tax foreclosure proceeding, while valid and binding as to all persons who were parties to that proceeding, was void as to plaintiff in error, who was not made a party to such proceeding, and that the decree, in so far as it assumed to adjudicate upon her right or title, was a decree entered without jurisdiction of her person, and void. In the case at bar the decree does not attempt to pass upon or determine the rights or title of the plaintiff in error in the premises, nor would she be bound by the same if it attempted to do so. As she is neither a party to the record nor affected by the decree entered she is not in a position to have the same reviewed by writ of error. *Miller* v. *Miller, supra.*

There is another reason why this writ of error must be dismissed. In addition to plaintiff in error, Zaleski, Rundall, Elliot, Jacob Glos, Timke, as trustee, the Central Trust Company of New York, as trustee, Lane, and others, were made parties defendant to the original bill, all of whom, except the plaintiff in error, were parties to the decree and bound by its provisions. None of these parties have appeared in this court and joined in the assignment of errors with plaintiff in error or assigned error upon the record in this court. Neither has there been a severance, making parties defendant those who do not join in the writ of error in the manner provided by the statute. (Hurd's Stat. 1913, chap. 110, sec. 97.) This is essential in order to enable this court to entertain this writ of error. The rule is elementary that a cause will not be heard piecemeal,—at one time as to one party and at another time as to another

268 — 28

party,—and that all persons who are parties to the judgment or decree in the court below must be parties to the record in this court, so that the whole case may be heard and disposed of, as to all parties to the record, at the same time. While the statute permits a plaintiff in error to join his co-plaintiffs or co-defendants with him in a writ of error without their consent, it does not dispense with the necessity of a severance of their interests and making them parties defendant in the event they refuse to appear and join in the writ of error and assign errors upon the record. (*Wuerzburger* v. *Wuerzburger*, 221 Ill. 277.) As said in *McIntyre* v. *Sholty*, 139 Ill. 171, on page 176 of the opinion: "All the plaintiffs or defendants in the original suit who are alive must join in the writ of error, and it is competent for one to join the others without their consent. The reasons for this rule are, that the writ must agree with the record, and that if one of a number of plaintiffs or one of a number of defendants who have not distinct and several interests should be permitted to bring a writ of error every one might do the same, and such a practice would tend to multiply suits. If the parties whose names are thus used by a co-plaintiff or co-defendant choose to abide an erroneous judgment and refuse to appear and assign errors they must be summoned and severed, and then, after the severance, the writ may be prosecuted in the name of such co-plaintiff or co-defendant."

As it clearly appears from this record that the writ of error has been sued out by one not a party to the record and whose rights are not affected by the decree, and that necessary and proper parties have not joined in the writ of error and assigned error on the record and are not in this court so that their rights can be passed upon at this time, the writ of error must be dismissed.

*Writ of error dismissed.*