## Byron Graham et al., Appellees, v. William E. Koop et al., Appellants.

### Gen. No. 6,603.

1. PARTITION, § 29*—*right to make adverse claimants parties.* The Partition Act allows partition and removal of clouds in the same proceeding, and the complainant may make adverse claimants parties or not as he sees fit.

2. EQUITY, § 23*—*when rule as to retention of jurisdiction to give legal relief applied.* Under the rule that equity having obtained jurisdiction will proceed to give legal relief, a mechanic's lien claimant is entitled to enforce his lien by intervening petition in partition proceedings, although his remedy is expressly created by statute.

3. PARTITION—*who proper party in proceedings for.* A mechanic's lien claimant is a proper party in partition proceedings.

Appeal from the Circuit Court of Winnebago county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded with directions. Opinion filed February 8, 1919. Rehearing denied April 2, 1919.

A. D. EARLY, B. B. EARLY and LATHROP, LATHROP & BROWN, for appellants.

CHRISTIAN C. H. ZILLMAN and ARTHUR E. FISHER, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

Byron Graham is the owner of an undivided interest in land upon which is located a distillery property in the City of Rockford. On December 31, 1914, he filed a bill for partition, making parties, as he alleged, all persons who upon any contingency might become entitled to any beneficial interest in said real estate, and other parties alleged to claim but not to have interests.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Among these parties was the Union Bank of Chicago, the owner of an indebtedness secured by the lien of a trust deed, the amount of which indebtedness he alleged was in dispute, and asked an accounting. He elected to make adverse claimants and holders of hostile title parties defendant, and chose not to limit the adjudication, as perhaps he might to some extent, under the authority of *Miller v. Barto,* 247 Ill. 104. The Partition Act allows two kinds of relief in relation to two different subjects to be sought in the same proceeding, to wit: Partition and removal of clouds upon the title, and the complainant may make adverse claimants and holders of hostile title parties defendant or not, as he sees fit. (*Miller v. Miller,* 263 Ill. 18; *Glos v. Carlin,* 207 Ill. 192; *Clark v. Zaleski,* 268 Ill. 427.) In the following spring, March, April and May, the appellants claiming, respectively, mechanics' liens on the premises, appeared, and without objection obtained leave to file, and did file, petitions and other pleadings in the case setting up their rights and asking that they be adjusted. Other parties about that time also in like manner appeared and filed petitions claiming mechanics' liens. This action of appellants was within the 2-year limitation prescribed by section 9 of the Liens Act (J. & A. ¶ 7147), within which a bill or petition could be filed in a court of chancery jurisdiction to enforce the payment of the lien indebtedness. The case seems to have lain dormant until August 2, 1917, when the complainant moved that it be dismissed. Following that, October 9, 1917, the defendant, Union Bank of Chicago, moved to strike from the files all intervening petitions relating to mechanics' liens. These motions were contested, but the complainant, Byron Graham, joined in the latter, and the court, on February 16, 1918, allowed each motion, and orders were entered accordingly. This disposition of the case left appellants without remedy under our Liens' Act, because the 2-year period had expired.

Appellees' theory, apparently adopted by the court, is that mechanics' liens, and the enforcement thereof, are entirely creatures of the statute; that the method of proceeding is specifically provided in our Liens Act (Rev. St. ch. 82, J. & A. ¶ 7139 *et seq.*) which authorizes the lienor to file a bill or petition in any court of competent chancery jurisdiction in the county where the improvement is located, and all other lien claimants to come into that suit or proceeding, and permits each claimant to contest other's rights without any formal issue of record made up between them, and directs various methods of procedure in adjudicating the matter. It is contended that when a right and remedy are given by statute, the remedy there prescribed must be strictly followed and cannot be departed from. Many authorities are cited supporting such a general rule. We will assume, without deciding, that had appellants begun an action to enforce their lien, they would have been compelled to strictly follow the requirements of the statute in their proceeding. But they were parties to a suit in equity. Whether necessary parties under the authority of *Barr v. Barr,* 273 Ill. 621, in which it is said that in partition proceedings it is necessary to make all parties having any interest in the premises parties to the suit, and that mortgagees have such an interest as to make them necessary parties or merely proper parties, as may be inferred from *Miller v. Miller; Glos v. Carlin;* and *Clark v. Zaleski, supra,* we think unnecessary to determine, because it is clear they were at least proper parties. It is conceded in appellees' brief: "If the mechanic's lien petitions were properly filed in the partition suit, they became, under the terms of the statute, petitions in the nature of cross-bills, and the complainants would not be entitled to dismiss the suit." Assuming that appellants are proper parties to this proceeding, it is no objection that the relief obtained may be of a kind or character ordinarily necessary to procure in some other and entirely different

manner. "It is an established rule that where chancery takes jurisdiction for one purpose it will retain it for all purposes necessary to complete justice between all parties interested in the subject-matter. The policy of the rule is, the prevention of a multiplicity of suits, and from it has sprung the other rule, which requires all persons interested to be made parties, so, that to do adequate and complete justice between all parties interested, may be said to be a prevailing motive of equity." *Sherlock v. Village of Winnetka,* 59 Ill. 389, 400.

"A court of chancery having acquired jurisdiction, will, generally, for the purpose of preventing multiplicity of suits, retain the same until it has done complete equity between the parties in respect of the subject-matter in litigation." *School Directors v. School Directors,* 135 Ill. 464, 478.

It is well settled that if a court of equity acquires jurisdiction on any equitable ground, it will retain the cause and afford complete relief, although it becomes necessary to enforce purely legal rights. *County of Cook v. Davis,* 143 Ill. 151, 155. It makes no difference that some of those rights may be in the nature of legal rights which otherwise could not be enforced outside of a court of law. It is not material that an original bill would not lie for such relief alone. 16 Cyc. 107. Or that the relief be such that if it were the object of an independent action it could be obtained at law alone. 16 Cyc. 109. In *Morton v. Noble,* 57 Ill. 179—a partition proceeding—the court summarily disposed of an objection that a party defendant in possession of land, claiming the title, could only be dispossessed by an action of ejectment, by referring to the above long and well established rules. Those rules are ancient and very familiar. They have been applied in many cases. They apply to interests acquired in various different ways that might be asserted and enforced in different ways. We are aware of no holding that a right created by statute is excepted from the

general rule, and see no more reason for saying that it cannot be adjusted in this proceeding because the statute provides a remedy than for saying that right of possession of land could not be here determined because there is an imperative rule that such a right must be tried and determined in an action at law.

A court of equity should not aid in creating a position in which the remedy of a party is barred by the statute of limitations. It has in some jurisdictions been held a ground for equitable relief that the early termination of the statutory period would defeat another remedy. 16 Cyc. 40. It is also there noted that in some other cases equity acts to relieve parties of the burden of the statute of limitations. See also 16 Cyc. 175. Whether in this case that consideration would be controlling we do not undertake to say, because we think the other grounds mentioned are sufficient reason for reversing the decree.

The judgment is reversed and the cause remanded with directions to deny each of said motions.

*Reversed and remanded with directions.*