(No. 15368.—Decree affirmed.)

STANLEY K. GAGE, Appellee, *vs.* PORTIA G. LEE *et al.*— (CARLTON LEWIS ELMES *et al.* Appellants.)

*Opinion filed October 20, 1923—Rehearing denied Dec. 6, 1923.*

1. PARTITION—*a complainant desiring partition, only, need not make adverse claimants parties.* One who desires partition among his co-tenants and himself, only, and not partition and the removal of clouds, need not make adverse claimants parties to the suit, but in such case the adverse claimants are not bound by the decree.

2. SAME—*when petition to set aside partition decree cannot be maintained.* The conditions imposed by section 19 of the Chancery act upon the right to petition the court to set aside a decree and answer the bill are, that the complainant must have been a defend- · ant to the suit and that there be a want of service of process or notice upon him; and a petition to set aside a partition decree can not be maintained where it shows that the petitioner was not a party to the bill and no fraud appears in the record.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

HARRY H. TALCOTT, (ARTHUR B. WELLS, of counsel,) for appellants.

FRANK N. REED, and SIMS, WELCH, GODMAN & DE-YOUNG, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from an order of the superior court of Cook county striking from the files a petition by the appellants seeking to set aside a decree in partition theretofore entered in that court on a bill filed by Stanley K. Gage against Portia G. Lee. The petition sets up that appellants are interested in a portion of the property partitioned, but that they were not made parties defendant to the bill either by name or by the description of unknown owners, and that the court did not have or acquire jurisdiction over their persons, and that the decree entered in the cause was therefore null and void as to them. Appellee filed a motion to strike the petition from the files. This motion was granted, and on this appeal the first question arising is as to the right of appellants to file such petition.

It has long been settled in this State that a decree will not be set aside on the petition of a person who has not been made party to a proceeding or is not affected by it. (*Hall* v. *Davis*, 44 Ill. 494; *Glos* v. *People*, 259 id. 332.) Section 19 of the Chancery act provides: "When any final decree shall be entered against any defendant who shall not have been summoned or been served with a copy of the bill, or received the notice required to be sent him by mail, and such person, his heirs, devisees, executor, administrator or other legal representatives, as the case may require, shall, within one year after notice in writing given him of such decree, or within three years after such decree, if no such notice shall have been given as aforesaid, appear in open court and petition to be heard touching the matter of such decree, and shall pay such costs as the court shall deem reasonable in that behalf, the person so petitioning may appear and answer the complainant's bill."

It will be noted that the conditions imposed by the statute before a petition can be heard touching the matter of

a decree are, that the petitioner must have been made a party to the suit,—that is, a defendant,—and that there has been want of service of process or notice. The petition sought to be filed in this case specifically states that appellants are not parties to the proceeding, and unless they are necessary parties we are at a loss to understand how they may be heard on such a petition. Assuming that they are claiming an interest in the property, are they necessary parties? While it is argued by counsel in their briefs that there was a fraud committed upon the court in the decree for partition, no fraud appears in the record. The rule is that one desiring partition of his interests and those of a co-tenant is not required to make adverse claimants parties to his bill, though, of course, adverse claimants not made parties thereto are not bound by a decree entered on such a bill. (*Miller* v. *Miller,* 263 Ill. 18.) By section 39 of the Partition act the complainant in the bill for partition may make adverse claimants parties if he desires and thereby settle questions of title in order that clouds, if any, may be removed, but it is not incumbent upon him to do so. The Partition act allows two kinds of relief in relation to two different subjects sought in the same proceeding, that is, partition and the removal of clouds, but it is not incumbent upon the complainant to make holders of adverse titles parties to a suit where he desires only partition of interests in common. *Miller* v. *Miller, supra; Clark* v. *Zaleski,* 268 Ill. 427.

Appellants have no right to be heard where they are not parties and not affected by the decree, and the superior court was right in striking the petition from the files. Under this view of the case it does not become necessary to consider other questions raised on the record.

For the reasons given, the decree of the superior court is affirmed.

*Decree affirmed.*